NAAMAN B. CARPENTER, Executor, *vs.* GIDEON L. SPENCER. SAMUEL CUSHMAN *vs.* SAME.

A claim under Rev. Sts. *c.* 116, against the owner of a milldam, for damages occasioned by the flowing of lands, cannot be submitted to arbitration by an agreement made before a justice of the peace, under Rev. Sts. *c.* 114; and a judgment of the court of common pleas against the owner of a milldam, rendered on an award of referees under such a submission, assessing damages actually incurred by one whose lands were flowed by said dam, and annual damages for the future, is not binding on a subsequent owner of the dam.

ACTIONS OF CONTRACT on Rev. Sts. *c.* 116, §§ 23, 24, against the owner and occupant of a mill and dam in Attleborough, to recover annual damages occasioned by the flowing of lands by said dam, as ascertained by two judgments of the court of common pleas.

The parties submitted to the decision of the court the question whether these actions could be maintained upon the following facts: John Carpenter, the testator of the plaintiff in the first case, and Samuel Cushman, the plaintiff in the second case, each entered into an agreement with Elizabeth B. Kennedy, the former owner and occupant of the dam, before a justice of the peace, pursuant to Rev. Sts. *c.* 114, to submit to arbitration the amount of damages already occasioned to their lands by her dam, and the height of the dam, and the rate of annual damages for the future. The arbitrators made their awards accordingly, and reported them to the court of common pleas, who accepted the same, and ordered them to be recorded, and gave judgment thereon. And those judgments have never been reversed, annulled or satisfied.

*N. Morton,* for the plaintiffs. The ground of defence relied upon is, that the judgments sued upon, instead of being rendered upon complaints to the court of common pleas, and verdicts of a sheriff's jury, according to the provisions of Rev. Sts. *c.* 116, were rendered upon awards of referees upon submissions entered into before a justice of the peace. But admitting that a claim for damages occasioned by flowing land by a mill dam is not " a controversy which might be the subject of a personal action at law, or of a suit in equity," within the meaning of Rev. Sts. *c.* 114, and could not therefore be submitted to arbitration by agreement before a justice of the peace, as was decided in *Henderson* v. *Adams,* 5 Cush. 610; still, the court of common pleas, rendering the judgments sued upon, had jurisdiction of the parties and of the subject matter, and their judgments are conclusive on the parties, until reversed. *Johnson* v. *Kittredge,* 17 Mass. 76. *Adams* v. *Pearson,* 7 Pick. 341. *Cook* v. *Darling,* 18 Pick. 393. The remedy is by writ of error. *Short* v. *Pratt,* 6 Mass. 496. *Lyman* v. *Arms,* 5 Pick. 213. *Henderson* v. *Adams,* 5 Cush. 610. If the plaintiffs, instead of suing on their judgments, had brought new complaints under the mill act, the defendant might have pleaded this judgment. If the judgment has no effect as such, the submission and award are evidence of an agreed price at which the owner of the dam might maintain it. The defendant took his estate subject to the lien or incumbrance created by the agreement of, and judgment against, the former owner.

*C. B. Farnsworth,* for the defendant.

SHAW, C. J. The court are of opinion that these actions cannot be maintained, for damages accruing after the awards, and that this point is determined by the case of *Henderson* v. *Adams,* 5 Cush. 610. That case was well considered, very recent, and we think decisive. And we are satisfied it was decided upon correct grounds. The power to render such judgment, not only affording a remedy for an injury actually incurred, but looking to the future, and declaring the rights of the parties specifically, and giving a remedy by action of debt or assumpsit, by and against privies in estate, depends wholly on statute, and can

exist only in the cases provided by statute. The statute gives this right only in cases commenced, prosecuted and determined according to the mill act, Rev. Sts. *c.* 116. Whether such a judgment, for damages already accrued, would be binding upon the parties and their personal representatives, we have no occasion now to consider; beyond that, we are of opinion that it is void, because not within the statute.

But it is argued that such a judgment, being upon a report of referees, made pursuant to a voluntary submission of the parties, would be good evidence of the right of the landowner to recover damages of the millowner at an agreed rate. But we cannot perceive any evidence of an agreement between the parties. Without a judgment, such an award would not be binding, because the agreement was made in pursuance of a provision of law, requiring the act of the court to give it effect; and the judgment itself is void on the face of it.

But suppose it might be good against the parties and their personal representatives, until reversed, it would not aid either of these cases. The first case is brought by the executor of the original judgment creditor, if we may so call him, the landowner, against one who has come in, by purchase or descent, to the estate, owned at the time of the judgment, by the millowner. Whether, if the judgment had been conformable to the statute, the action should have been by the executor or the heir, (a question suggested in the argument,) may depend on the fact whether the damage specifically sued for accrued before the death of testator or after, a fact which does not appear in this case. But it is quite immaterial to this decision, because neither executor nor heir could maintain the action. Each of these actions is brought against one who, since the judgment, has come into the estate by descent or purchase. There is therefore no privity of contract, but an alleged privity of estate only. But what creates that privity of estate, and gives the action? Clearly, we think, the statute only; and the statute operates only to give effect to a judgment rendered pursuant to its provisions. *Judgment for the defendants.*