ABRAHAM NELSON *vs.* WILLIAM H. GAREY.

A married woman has no authority in law to give an irrevocable license to enter upon her husband's real estate.

TORT, for breaking and entering the plaintiff's house, thereby breaking the door, injuring the lock, and doing other damage.

At the trial in the Superior Court, before *Brigham*, C. J., it appeared that the plaintiff's wife had received of the defendant a "bed lounge," giving in return a writing signed by her, by which she agreed to pay five dollars a fortnight till $26 were paid, when the lounge was to belong to her; but in default of such payment, the defendant was given the right "to enter any building or place where said articles, goods or property, or any part thereof, may be, and retake the said articles, goods and property, or any part thereof, wherever the same may be, (forcibly if necessary,) without being taken or deemed guilty of any manner of trespass or tort, and without prejudice to any other remedies." It also appeared that, there being a default in payment, the defendant went to the tenement occupied by the plaintiff, (which was in the second story of a house in which were other tenements occupied by other persons, all the occupants of the house using the outer door, entries and stairways in common,) and saw the plaintiff's wife in the entry, the plaintiff being absent, and that he broke open the plaintiff's door and took the lounge. The evi

dence was conflicting as to whether the plaintiff knew of his wife's contract with the defendant, and as to whether she gave the defendant permission to break the door. The defendant asked for certain instructions which were refused, and the court gave instructions which were excepted to, but which are not now material, and further instructed the jury that there were but two questions of fact, besides the damages, for them to pass upon, which were :

" 1st. Had the plaintiff knowledge of the lease of the lounge and its terms, prior to the forcible entry by the defendant of the plaintiff's rooms, and did he ratify the lease ? "

" 2d. Had the defendant the permission of the plaintiff's wife to forcibly enter the plaintiff's rooms for the purpose of removing the lounge therefrom ? "

The jury were instructed to find specially upon these questions. They answered both in the negative and returned a verdict for the plaintiff, and the defendant alleged exceptions.

*R. I. Burbank & R. Lund,* for the defendant.

*W. S. Stearns & J. H. Butler,* for the plaintiff.

GRAY, C. J. The plaintiff's wife had no authority by law, without his assent, to give an irrevocable license to enter his tenement. The jury have found that the plaintiff did not know of or ratify the instrument signed by her, before the defendant's entry, and that the wife did not, at the time of the entry, permit it. The defendant was, therefore, rightly held to be liable as a trespasser in forcibly breaking the door and entering the tenement for the purpose of taking his property, without the permission of the plaintiff. *McLeod* v. *Jones,* 105 Mass. 403. *Swain* v. *Mizner,* 8 Gray, 182. *Exceptions overruled.*