## NATHAN GOLDSTEIN *vs.* MAX SLUTSKY.

Suffolk.    November 9, 1925. — January 29, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Invited person, Of one controlling real estate.   *Practice, Civil,*
Finding by judge.   *Agency,* Existence of relation.   *Husband and Wife.*
*Evidence,* Presumptions and burden of proof.

A judge, who, without a jury, heard an action of tort for personal injuries,
filed the statement, "A verdict is to be entered for the plaintiff in the
sum of . . . $600."   *Held,* that, in substance, the judge found for the
plaintiff and assessed damages at $600, and the defendant was not
injured in that the judge directed that a verdict for the plaintiff be
entered instead of himself making a finding for the plaintiff.

Where, at the trial of an action of tort for personal injuries, it appears that
the plaintiff, a roofer and sheet metal worker, while engaged as an
independent contractor by the defendant and working upon an apart-
ment house which the defendant owned and in one apartment of which
he lived, not finding some materials belonging to him, made inquiry, in
the defendant's absence, of the defendant's wife, who told him that the
defendant had put the materials in his cellar, handed the plaintiff the
key to the cellar, and gave him directions where to find the materials;
and that the plaintiff then went to the cellar, in which he never had been
before, found it dark and unlighted, and, in searching for his materials,
fell into an unguarded pit, of which he had not been warned, and was
injured, it cannot be ruled as a matter of law that the plaintiff was
guilty of contributory negligence.

At the trial of the action above described, a determinative question was,
whether the defendant's wife in requesting the plaintiff to go to the
cellar and in not warning him of its condition was acting as the de-
fendant's agent.   Besides the evidence above described, there was
evidence that after he fell the plaintiff, not finding his materials, re-
turned to the defendant's wife and told her what had happened, that
she then went with him to the cellar and found the material for him; that
later, finding his foot swelling, the plaintiff again went to the de-
fendant's wife to see about having a doctor, when she said he must wait
until the defendant returned; that, when the defendant came he found
the plaintiff nursing his foot, asked what had happened, and was told
by his wife: "I sent him over to take the paint, and I told him to go to
the other place, and naturally he fell in"; that the defendant then said
to his wife, "Why not tell him the hole?" and that the wife answered,
"I forgot all about it"; and that the defendant then called a physician.
*Held,* that, while the existence of the marriage relation by itself was not
enough to establish an agency, on all the evidence a finding that the
wife was acting as agent for the defendant was warranted.

TORT for personal injuries alleged to have been received by reason of a defective condition of the flooring in the basement of a house of the defendant into which the plaintiff had been directed to enter by the defendant's wife. Writ dated November 8, 1923.

In the Superior Court, the action was heard by *Macleod*, J., without a jury. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the defendant rested and asked for the following rulings:

"1. That upon all the evidence, the plaintiff is not entitled to recover.

"2. That upon all the evidence, the plaintiff was not in the exercise of due care.

"3. That upon all the evidence, the plaintiff was guilty of contributory negligence.

"4. That upon all the evidence, the defendant was not negligent.

"5. That upon all the evidence, the plaintiff was an independent contractor.

"6. That upon all the evidence, the defendant owed the plaintiff no duty other than to refrain from wilfully injuring him or setting a trap for him.

"7. That upon all the evidence, the plaintiff was an independent contractor and therefore the defendant owed him no duty other than to refrain from wantonly and wilfully injuring him.

"8. That upon all the evidence, the defendant was not guilty of any wanton and wilful negligence."

Findings and rulings by the trial judge are described in the opinion. The defendant alleged exceptions.

*E. I. Taylor*, for the defendant.

*D. Short*, for the plaintiff.

WAIT, J. The plaintiff, a roofer and sheet metal worker, made a contract with the defendant to repair the gutters on the front piazzas of a three-flat apartment house belonging to the defendant who lived in the second floor flat. In searching for some tins of paint which he had left on one of the piazzas to remain till needed in his work, but which had disappeared, he went to the defendant's flat to inquire about

them. The defendant was not there but his wife told the plaintiff that her husband had put them in the cellar. She gave him the key and asked him to get the tins, telling him that there was a bench in the cellar and that he would find the paint in the third closet from the door. The plaintiff never had been in the cellar, although on one occasion he had looked into it from the doorway. He had not seen any hole in the floor. He went to the cellar. It was dark and unlighted. He saw a bench and as he was going toward it he fell into an unguarded pit in which the heater for the building stood. Although injured, he made a hurried and unsuccessful search for the paint, and then went back and told Mrs. Slutsky what had happened. Later, with her, he went again to the cellar; and there they found the tins, apparently in the place where she had told him to look for them. He returned to his painting, but, finding that his foot was swelling, he went to the Slutsky apartment to see about having a doctor. She said they must wait till Slutsky returned. When the husband came he found the plaintiff nursing his foot, asked what had happened, and was told by his wife: "I sent him over to take the paint, and I told him to go to the other place, and naturally he fell in." "Why not tell him the hole?" he inquired; and the wife answered, "I forgot all about it." Slutsky thereupon called a doctor.

The plaintiff's action for damages was tried without a jury. The evidence material to the exceptions came solely from the plaintiff and his physician. Its substance has been stated. The defendant offered no evidence, but made eight requests for rulings. The judge filed the following "Findings and Rulings." "1. The plaintiff was an independent contractor hired by the defendant to repair the roofs of the piazzas on the second and third stories of the defendant's building. The accident and resulting injuries to the plaintiff are not attributable to the risks incident to his employment, but to an extraneous hazard caused by the defendant's act in removing, without the knowledge or consent of the plaintiff, certain cans of paint belonging to the plaintiff to a closet in the cellar of the building. 2. In the course of his employment prior to the accident the plaintiff had not entered the

cellar and, but for the gratuitous act of the defendant, would not have had, and could not reasonably have contemplated having, occasion to do so either in going to or from his work or in the actual performance thereof. 3. The plaintiff in going to the cellar at the direction of the defendant's agent for the purpose of recovering the paint was engaged in a lawful errand, and had the status of an invitee rather than of a bare licensee. 4. In a portion of the cellar which the plaintiff was likely to traverse in the prosecution of his errand there was a pit or depression about a foot and a half deep. This pit was not guarded by a railing or otherwise protected, and the cellar at the time of the accident was unlighted. 5. The plaintiff was in the exercise of due care but the defendant, under the circumstances disclosed, was negligent in failing to warn the plaintiff of the existence of the pit in the cellar floor. The plaintiff sustained personal injuries by reason of falling into said pit and for such injuries the defendant is liable. 6. Subject to the limitations of paragraph 1 hereof, number 5 of the defendant's requests for rulings is given but the remainder of said requests are denied. 7. A verdict is to be entered for the plaintiff in the sum of Six Hundred Dollars ($600)."

The defendant claimed exceptions to the findings and rulings, and to the refusals to rule as requested.

The defendant was not injured in that the judge directed that a verdict for the plaintiff be entered instead of himself making a finding for the plaintiff. In substance, the judge found for the plaintiff in damages assessed at $600.

Both parties claimed that the plaintiff was an independent contractor. He was employed at a round sum to do a specified work and to supply the materials needed. There was nothing to indicate that the defendant retained or assumed any control of the work or its method of accomplishment. This justified a finding that the plaintiff was an independent contractor. See *Brackett* v. *Lubke*, 4 Allen, 138. The fifth request was given, in substance. There was no evidence of wanton and wilful negligence by any one. The eighth request manifestly was refused because, upon the findings, it was immaterial.

The second and third requests were refused properly. The acts of the plaintiff, in going into and moving about in a dark cellar whither he was sent without warning of any danger by the wife of the occupant of the premises to get property of his own which her husband had removed thither without his knowledge or request, does not require, as matter of law, a finding that the plaintiff was lacking in due care, or that negligence on his part contributed to his injury. The language of *Brugher* v. *Buchtenkirch*, 167 N. Y. 153, cited by the defendant, is not justly to be applied to the plaintiff. *Benton* v. *Watson*, 231 Mass. 582, dealt with facts which differ essentially from those before us.

The first, fourth, sixth, and seventh requests were inapplicable and immaterial in view of the findings of fact made by the judge that the wife, in directing and requesting the plaintiff to go and get this paint from the cellar, was acting as agent for her husband, and that the husband was negligent in failing to warn the plaintiff of the hole; and his ruling of law that the plaintiff had the status of an invitee. The difficult question in the case is, whether there is evidence to justify these findings and the ruling.

Unless the wife was acting as agent for her husband, the defendant was prejudiced by the refusal to rule as requested and by the ruling made. The existence of the marriage relation by itself is not enough to establish an agency. *Harvey* v. *Squire*, 217 Mass. 411. See *Nelson* v. *Garey*, 114 Mass. 418. There were, however, other facts to be considered: the removal of the paint to the cellar; the possession of the key to the cellar by the wife; her knowledge of the whereabouts of the paint in the cellar; the conversation between the husband and wife when she reported what had happened; taken with the failure of the defendant to limit the testimony given, or to explain what had been done or not done in the matter, were enough to justify an inference that the wife had been made the agent of the husband in attending to the return of the paint if sought for in his absence, or in requesting the plaintiff to go get it.

There was evidence in the conversation to show that the defendant knew of the hole, and regarded it as a danger.

It cannot be said, therefore, that the refusal to give these requests and the rulings made were errors. If the wife was her husband's agent in the matter and she was negligent, the defendant is liable; and he, himself, could be found negligent if, after giving her authority to invite any one to enter the cellar, he failed to instruct her to warn of the danger he knew to be there.

The plaintiff could be found to be the invitee of the defendant.

*Exceptions overruled.*