WILMUR MOTORS, INC. *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

HERBERT H. HARDING *vs.* SAME.

GEORGE DI NAPOLI *vs.* SAME.

JOHN F. NISBET *vs.* SAME.

Suffolk. December 5, 30, 1929. — March 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory, Imputed, Street railway. *Evidence*, Presumptions and burden of proof.

Evidence, at the trial of an action for personal injuries received by the driver of an automobile which was run into by a street car of the defendant, was that at thirty minutes after midnight the automobile was parked parallel to the curb on a public street with an automobile parked three feet in front and another twelve feet behind; that the distance from the curb to the nearer rail of the street car tracks was nine and eight tenths feet; that the driver, looking through the rear window, backed the automobile; that, when he ceased backing, he saw the street car approaching from his rear one hundred fifty to one hundred seventy-five feet away; and that he then drove the automobile forward upon the street car tracks and it was run into by the street car. *Held*, that the driver was negligent as a matter of law and his negligence precluded him from recovery.

It appearing that companions who were in the automobile with the driver made no effort for their own safety and paid no attention to the risk of collision with any street car which might be close by, it was *held*,

that none of them could maintain an action against the street railway company for personal injuries suffered in the collision.

The circumstances of the collision being fully shown by the plaintiff's evidence at the trial of the action above described, the provisions of G. L. c. 231, § 85, respecting the presumption of due care did not aid the plaintiff.

It appeared that the automobile involved in the collision above described was not owned by the driver or by any of his companions and that none of them was the owner's agent. At the trial of an action by the owner for damage to the automobile, there was evidence that, previous to the collision, the street car was travelling at the rate of fifteen to twenty miles an hour; that, when about three hundred twenty feet from the place of collision, the motorman in the course of his duty had said a few words to a passenger, not turning his entire body, but only his head, to do so, and holding "his hands on the control"; that almost instantly after he turned his head back from talking, he put on the air brakes and the collision followed. *Held,* that

(1) Although, in the circumstances, mere negligence of the driver of the automobile would not preclude its owner from recovery, it was essential for such recovery to show negligence of the motorman of the defendant street car;

(2) The evidence would not warrant a finding that the motorman was negligent.

FOUR ACTIONS OF TORT, the first for damage to an automobile, and the others for personal injuries received by occupants of the automobile, resulting when it was run into by a street car of the defendant. Writs in the first and second actions in the District Court of Chelsea, dated October 13, 1920, [*sic*] and in the third and fourth actions in the Superior Court dated November 5 and December 18, 1928.

On removal of the first and second actions to the Superior Court, the four actions were tried together before *Morton,* J.

It appeared that the collision occurred on Revere Street in Revere at about thirty minutes after midnight on September 17, 1928, that the defendant's street car was proceeding from Revere toward Revere Beach; that the automobile, driven by the plaintiff Harding, had been parked parallel to the curb facing Revere Beach; and that there was an automobile parked three feet in front, and another twelve feet behind it. There was evidence that, after Harding had finished backing, as stated in the opinion, he saw a street car of the defendant approaching one hundred fifty to one hundred seventy-five feet behind him; that the distance from the curb where the automobile had been parked

to the nearer rail of the track on which the street car was approaching was nine and eight tenths feet. Other evidence as to the conduct of Harding in driving from the position he then was in on to the defendant's tracks is described in the opinion.

There was other evidence that the motorman of the defendant's street car, when about three hundred twenty feet before the point of collision, had turned to talk to a passenger; that he "did not turn his entire body, he only turned his head and he had his hands on the control"; that he "only said a few words," staying in that position "just about a second or so," and almost instantly after he turned back after speaking to the passenger, he put on the air brakes and the collision occurred. A witness also stated that "up to the time the motorman put on the brakes," he "would imagine the car was going between fifteen and twenty miles an hour." Other material evidence is stated in the opinion. The judge ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*G. Wilinsky,* for the plaintiffs, submitted a brief.

*A. F. Bickford,* for the defendant.

WAIT, J. The indisputable evidence shows that the plaintiff Harding drove the automobile in which he and other plaintiffs were riding upon the defendant's tracks in front of an electric street car; that the car was close upon him to his left; that, in starting from the point where his machine had been parked at the sidewalk, he looked to his right through his rear window in order to avoid backing too far toward an automobile parked behind him, in his endeavor to get room to move forward and pass another automobile parked in front of him; that he then drove forward without looking backward to his left although he knew he must go upon car tracks over which electric street cars were likely to be passing. The case is bare of evidence of any care for their safety upon his part or the part of his companion plaintiffs. Not one paid any attention to the risk of collision with any street car which might be close by. Their cases are governed by the decision in *Birch* v. *Athol & Orange Street Railway,* 198 Mass. 257. The circumstances of the

accident were in evidence. No statutory presumption of due care (G. L. c. 231, § 85) was to be weighed with them. *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235, 238.

The plaintiff Wilmur Motors, Inc., the owner of the machine driven by Harding, is not affected by the lack of care of the other plaintiffs, none of whom were its agents. It could recover if the damage to its motor vehicle was due to negligence of the defendant's servant. *Nash* v. *Lang*, 268 Mass. 407. There is no sufficient evidence of such negligence. If his testimony was believed, manifestly he used all requisite care. If it was disbelieved, there was nothing to show lack of care. His speaking to a passenger with reference to her place of alighting even if, momentarily, it took his eyes from the track, was part of his duty in operating the street car; and, unless more were shown, could not be found to be negligence.

The judge was right in directing verdicts for the defendant.

*Exceptions overruled.*