NORA W. COLBERT *vs.* KATHERINE F. RICKER.

Middlesex.   May 7, 1943. — June 2, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* One owning or controlling real estate, Invited person, Licensor, Licensee, Guest. *Husband and Wife. Joint Enterprise. License. Real Property,* License.

A wife's permitting her husband to live in and interview his business customers in a house owned by her did not give her any proprietary interest in his business nor make her more than a gratuitous licensor toward him and customers there by his invitation, and she would not be liable to them for injuries resulting from defects existing in the premises through her ordinary negligence.

One invited by a wife to a house owned by her in order to transact with her husband business in which she had no interest was no more than a social guest on the premises and could not hold the wife liable for injuries resulting from a defect existing in the premises through her ordinary negligence.

TORT. Writ in the Superior Court dated January 2, 1940.

The action was tried before *Beaudreau,* J., who denied a motion by the defendant for a directed verdict and, after the recording of a verdict for the plaintiff, denied a motion by the defendant for the entry of a verdict in her favor under leave reserved. The defendant alleged exceptions.

The record contained the following statement: "In answer to questions propounded by the court the defendant testified . . . over . . . [her] objection and exception . . . [that] she felt she had an interest in . . . [telephone calls to her house by her husband's customers] and that she felt she had an interest in the call she got on that Sunday afternoon." In her brief, the defendant argued that such testimony was "objectionable on the ground[s] that it violates the rule against opinion evidence when it is feasible for a witness to reproduce the facts of a situation," that "it involved expression of an opinion of law," and that the word "interest" was vague and indefinite.

*E. J. Sullivan,* for the defendant.

*R. E. McCarthy,* for the plaintiff.

RONAN, J.   The plaintiff, the owner of a house in Somer-ville which was in need of repairs, telephoned on Sunday noon to her daughter, the defendant, who was married and lived in Arlington with her husband, one Ricker, a general contractor, and inquired of her daughter if she could see him in regard to making repairs on her house. The defendant, after talking with Ricker, told the plaintiff to come over and that Ricker would see her.   The plaintiff arrived at the home of her daughter and, after talking to her a few minutes, she then conferred with Ricker with reference to the conditions of various parts of her property that she wished to have attended to by him.   He suggested that he drive her home and look over the property.   While the plaintiff was preparing to leave with him, the heel of her shoe caught in a broken register, which was one of the outlets of the heating system and formed a part of the surface of the floor, and she was thrown to the floor with such force that she sustained a broken hip.   The defendant owned the house and knew and assented to the practice of her husband meeting customers there and transacting business with them.   We have recited the material facts that a jury could find from the evidence.   The jury returned a verdict for the plaintiff.   The case is here upon the exceptions of the defendant.

The principal contention of the defendant is that she did not stand in such relationship to the plaintiff as would impose any duty upon her to exercise care to keep her premises reasonably safe for the use of the plaintiff.

The defendant was the owner and could at any time have taken exclusive possession herself.   She was not bound to furnish her husband with a home, and she was not required to permit him to use her premises for his own personal business.   That she allowed him to do so did not give him any interest in her property or make him a tenant. We think that he was occupying the property as a licensee. *Plaisted* v. *Hair,* 150 Mass. 275.   *Southworth* v. *Edmands,* 152 Mass. 203.   *Kirchgassner* v. *Rodick,* 170 Mass. 543.

The plaintiff came to the defendant's house solely to transact business with Ricker. The defendant, however, had no financial or proprietary interest in that business even though as a wife she would naturally be interested in the commercial success of her husband. Such an interest would arise from the intimate relations existing between husband and wife. Permitting him to use her house in conducting his business did not make her a joint adventurer in the business or give her any proprietary interest therein. The loan by a wife of her automobile to her husband, a physician, to assist him in making professional calls, gave her no pecuniary interest in his profession and in regard to him she stood as a bailor of the automobile. *Nash* v. *Lang,* 268 Mass. 407.

The plaintiff, whatever her rights might be against the husband, cannot claim through him and base a cause of action against the defendant on the defendant's negligence in failing to keep the premises reasonably safe for the plaintiff's use. The defendant is not shown to have had any such obligation to her husband. As a member of the family, the husband, as a licensee of his wife, took the premises as he found them. A licensor who has been paid a consideration by a licensee for the use of the premises owned by the licensor is bound to exercise care to keep the premises in a reasonably safe condition for the contemplated use by those who are invited there by the licensee. *Currier* v. *Boston Music Hall Association,* 135 Mass. 414. *Johnson* v. *Wilkinson,* 139 Mass. 3. *Oxford* v. *Leathe,* 165 Mass. 254. *Schofield* v. *Wood,* 170 Mass. 415. *Shrigley* v. *Boston Symphony Orchestra, Inc.* 287 Mass. 300. *Orcutt* v. *Signouin,* 302 Mass. 373. But the defendant was a gratuitous licensor and was not liable for injuries sustained by one on her premises as a business invitee of her husband. *Karlowski* v. *Kissock,* 275 Mass. 180, 183, 184. See *Ansara* v. *Skaff,* 259 Mass. 197; *Baker* v. *Hurwitch,* 265 Mass. 360; *Brosnan* v. *Koufman,* 294 Mass. 495.

The plaintiff's visit in so far as the defendant personally was concerned was for the convenience, pleasure and benefit of the plaintiff. *Metcalfe* v. *Cunard Steamship Co.* 147

Mass. 66. *Norris* v. *Hugh Nawn Contracting Co.* 206 Mass. 58. *Freeman* v. *United Fruit Co.* 223 Mass. 300. The fact that the defendant invited the plaintiff to come to her house did not give the plaintiff the status of a business visitor as against the defendant, because the purpose of the invitation was to enable the plaintiff to make arrangements with the defendant's husband with reference to his making repairs — a matter in which the defendant had no business interest. *Hart* v. *Cole,* 156 Mass. 475. *Glaser* v. *Congregation Kehillath Israel,* 263 Mass. 435, 438. The plaintiff was no more than a social guest of the defendant and the latter was not liable to the plaintiff for a defect upon the premises that was due to ordinary neglect. *Comeau* v. *Comeau,* 285 Mass. 578. The only obligation that a landowner owes to a gratuitous licensee is to refrain from wilful, wanton and reckless misconduct tending to injure the licensee. There was no evidence of such misconduct on the part of the defendant. *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449. *Theriault* v. *Pierce,* 307 Mass. 532. *Baines* v. *Collins,* 310 Mass. 523.

The defendant, in answer to an inquiry by the judge but subject to her exception, testified that "she felt she had an interest" in the telephone calls made to her house by customers of her husband including the telephone call from the plaintiff. There was no error. It is plain that what she was testifying to was her mental attitude toward her husband's customers and her willingness to assist him by answering the telephone. She did not testify to anything that would indicate that she had a proprietary or pecuniary right in his business.

> *Exceptions sustained.*
> *Judgment for the defendant.*