DELLA WHITTERS LODGE *vs.* IRENE BERN & another.

Suffolk.    May 9, 1951. — November 5, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Insurance,* Motor vehicle liability insurance. *Judgment. Res Judicata.*

A judgment for the plaintiff in an action of tort against the owner of a
  motor vehicle registered in the defendant's name for personal injuries
  sustained by reason of negligence of an operator of the vehicle pre-
  cluded the insurer of the owner under a policy of motor vehicle liability
  insurance from denying in a later proceeding that the operator in
  driving the vehicle at the time of the accident was an agent of the
  owner acting within the scope of his employment, although the only
  evidence in the original action "of agency or legal responsibility on the
  part of" the owner was through G. L. (Ter. Ed.) c. 231, § 85A.
In a suit in equity to reach and apply an alleged obligation of the insurer
  under a policy of motor vehicle liability insurance to the payment of
  a judgment for the plaintiff in an action of tort against the owner of
  the insured vehicle for personal injuries sustained by reason of negli-
  gence of an operator of the vehicle, it was open to the insurer to con-
  tend that the plaintiff was barred from recovering any amount of the
  coverage in excess of the amount of the compulsory coverage by a

provision of the policy that such excess coverage should not apply "while the motor vehicle . . . [was] used as a . . . livery conveyance" and because of a statement in the "Declarations" that the purpose for which the vehicle was to be used was "pleasure use," where in the circumstances a finding, justified on the evidence, that the operator had hired the vehicle from a "drivurself system" as a livery conveyance and was using it for that purpose and not for pleasure would not necessarily be inconsistent with the fact, established as against the insurer by the judgment, that the operator in driving the vehicle was an agent of its owner acting within the scope of his employment.

BILL IN EQUITY, filed in the Superior Court on August 3, 1949.

The suit was heard by *Good,* J.

*M. Michelson,* for the plaintiff.

*S. P. Sears,* (*J. L. Lyman* with him,) for the defendant Great American Indemnity Company.

QUA, C.J.    This bill is brought against Irene Bern and the Great American Indemnity Company, hereinafter called the insurer, to reach and apply the obligation of the insurer on a liability policy covering an automobile owned by Bern to the payment of a judgment for $20,000 and costs recovered in the United States District Court by the plaintiff against Bern as compensation for bodily injury suffered by the plaintiff on February 1, 1947, in an accident in which Bern's automobile was involved on a public way of this Commonwealth.    G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10).

The limit of liability in the policy for injury to each person was $25,000.    One of the "Exclusions" of the policy provided in substance that so much of the coverage as exceeded the $5,000 for the compulsory portion of the policy required by G. L. (Ter. Ed.) c. 90, § 1A, as amended, and defined in § 34A, as appearing in part in St. 1935, c. 459, § 2, should not apply "while the motor vehicle is used as a public or livery conveyance . . . ," and it was stated in the "Declarations" that the purposes for which the vehicle was to be used were "Pleasure Use."    General Laws (Ter. Ed.) c. 175, § 113A, contains a provision forbidding exceptions or exclusions from the compulsory coverage as to

specified accidents, but this provision had no application to the coverage in excess of the required $5,000. In the Superior Court the trial judge entered a decree in favor of the plaintiff in the amount of the compulsory coverage and costs. The plaintiff appeals, contending that the decree should have been for the entire amount of the judgment.

The hearing took the form of statements by counsel to which opposing counsel assented. In substance the following facts were thus developed or could have been inferred: The injury to the plaintiff was caused by the negligence of one Lipinski in driving the automobile owned by Bern and registered in her name. Lipinski, who was present at the hearing, would testify, as he had testified in the United States District Court, that he had obtained the automobile "as a rental vehicle for a money consideration from the Bern's Drivurself System, a concern that operated a rental auto service." He had signed a printed form of "rental agreement" requiring him to return by a certain hour. It was agreed that at the trial of the original cause in the United States District Court the only evidence "of agency or legal responsibility on the part of the defendant Irene Bern in connection with the operation of the vehicle by Lipinski at the time of the accident was through Chapter 231, Section 85A of the General Laws . . . ." That section provides in part that registration of a motor vehicle in the name of a defendant as owner shall be prima facie evidence that it was being operated by and under the control of a person for whose conduct the defendant was legally responsible. Nothing further than as hereinbefore stated appeared as to the course of the trial in the United States District Court.

The insurer contends that these facts show that as to all coverage above the compulsory amount the case falls within the exclusion relative to the use of the vehicle as a livery conveyance, and also that such use was in violation of the provision in the "Declarations" that the use of the vehicle would be pleasure use. The plaintiff insists that the insurer cannot be permitted to put forward either of these propo-

sitions in the present suit because it must have been decided
in the United States District Court as one of the bases of
the judgment against Bern that Lipinski was operating as
the agent of Bern, the owner, and not as a hirer of the vehicle
on his own account.

It is true that "Where an action against the insured is
ostensibly within the terms of the policy, the insurer,
whether it assumes the defence or refuses to assume it, is
bound by the result of that action as to all matters therein
decided which are material to recovery by the insured in an
action on the policy." *Miller* v. *United States Fidelity &
Guaranty Co.* 291 Mass. 445, 448. *Saragan* v. *Bousquet*, 322
Mass. 14, 20. We therefore agree with the plaintiff that the
insurer cannot deny the fact that Lipinski in driving the
automobile was the agent of Bern acting within the scope
of his employment. *Leonard* v. *Lumbermens Mutual Cas-
ualty Co.* 298 Mass. 393, 394. But the insurer can still
insist upon any defences not necessarily inconsistent with
that fact. *Sweeney* v. *Frew*, 318 Mass. 595, 597.

It seems to us that the defences now insisted upon are
not necessarily inconsistent with the implied finding in the
United States District Court that Lipinski was driving as
the agent of Bern. The relation of the defendant Irene
Bern to "Bern's Drivurself System," if there was any rela-
tion, does not appear. It does appear that Irene Bern
operated the "System" or had any interest in it. There
may have been no relation at all between Irene Bern and the
"System" beyond a mere bailment of the automobile by
her to the "System," with or without consideration. See
*Nash* v. *Lang*, 268 Mass. 407. The "System" may have
taken possession of the automobile as lessee, mortgagee, or
conditional vendor. The general relation between the de-
fendant Irene Bern and Lipinski does not appear. He may
have been regularly employed by Bern or he may merely
have driven her on the particular occasion at her request
and under her direction. He may even have hired the auto-
mobile in her behalf. In the various circumstances suggested
above it would have been possible for Lipinski personally

to become the hirer of the automobile from the "System" in whose possession it was, and yet to drive it as the agent of the defendant Irene Bern.

Since the judgment in the original action did not prevent the trial judge from finding both that the automobile had been hired "as a . . . livery conveyance" and that it was in use for that purpose and not for "Pleasure," he was justified in reaching the conclusions in these matters to which the facts agreed in the present suit would naturally lead, and so in holding the insurer liable only to the extent of the compulsory coverage. *Sleeper* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 511. *Potter* v. *Great American Indemnity Co.* 316 Mass. 155, 157.

> *Decree affirmed with costs*
> *of appeal to the insurer*
> *as against the plaintiff.*