*Southern District*

## CARLTON MANUFACTURING COMPANY and MARGARET CLANCY

### v.

### J. DiANGELIS & SONS

*Cox, J.* This is an action of tort by the corporate plaintiff to recover compensation for damage to its automobile and by the other plaintiff, Margaret Clancy, a passenger in that automobile, to recover damages for personal injuries and consequential damages arising out of a collision with a truck owned by the defendants and operated by their employee or agent.

The collision occurred at the intersection of Beacon and Washington Streets in the Town of Brookline at about ten o'clock in the morning on March 14, 1951. There was a finding for the defendants. The case was reported for our determination because the plaintiffs claimed to be aggrieved by rulings of the trial judge relating to their requested rulings of law 6, 9, 11, 12, 13, 14, 15, 17, 19, 20, 23, 25, and 29, as well as by the denial of their motion for a new trial.

It is not in dispute that a Mrs. Prince was bailee of the plaintiff's automobile and as such was operating it for her personal use, and that the plaintiff Clancy was her guest at the time of the accident. Nor is it in dispute that Mrs. Prince was travelling

west on Beacon Street in the "left-most" lane; that the defendants' truck was travelling north on Washington Street; that the collision occurred in the northwest quadrant of the intersection; and that the plaintiff Clancy was injured and the plaintiff's automobile damaged as a result of the accident.

It is settled law that the corporate plaintiff as bailor may recover compensation for damage to its automobile if that damage was caused by the negligence of the defendants' agent even though the bailee of the automobile was also concurrently negligent, the legal principle being that the bailee's negligence is not to be imputed to the bailor. *Nash v. Lang,* 268 Mass. 407. *Lodge v. Bern,* 328 Mass. 42. That principle of law is of no assistance to the corporate plaintiff because the judge found that the defendants' driver was not negligent. That finding, if supportable by competent evidence, also precludes recovery by the plaintiff Margaret Clancy. *Wilmur Motors, Inc. v. Eastern Mass. St. Ry.,* 271 Mass. 31.

It is equally well settled law that "when a collision occurs between automobiles at an intersection of ways the question whether there has been negligence on the part of either or of both of the operators is generally one of fact." *Bresnick v. Heath,* 292 Mass. 293, 297. This case presents no exception to the rule.

While the report does not state that it contains all the material evidence it is agreed by counsel when the case was argued that all the material evidence was in fact reported. We see no necessity for narrating that evidence. Suffice it to say that there was sufficient evidence to support the judge's finding that the operator of the defendants' truck was not negligent, even though, as the judge recognized by granting the plaintiffs' requests to that effect, there was evidence to warrant a contrary finding. *Bresnick v. Heath,* 292 Mass. 293, 297, 298. *Strong v. Haverhill Electric Co.* 299 Mass. 455. *Home Savings Bank v. Savransky,* 307 Mass. 601. *Hurley v. Ornsteen,* 311 Mass. 477. *Perry v. Hanover,* 314 Mass. 167, 173. *Rummel v. Peters,* 314 Mass. 504. *Cournoyer v.*

*Holyoke*, 314 Mass. 604. *Liberatore v. Framingham*, 315 Mass. 538.

We see no error of law on the part of the trial judge in his treatment or denial of the plaintiffs' requests for rulings of law nor in his denial of their motion for a new trial.

Request 6 that the plaintiff is entitled to recover damages for personal injuries and expenses resulting from any negligence on the part of the operator of the defendants' truck was granted, but the judge stated he found no negligence on the part of the defendants' operator. As already observed that finding is supported by competent evidence. Although the request correctly stated a rule of law it became inconsequential because of the finding and could have been denied, on that ground. The plaintiffs were not harmed by the fact that the judge granted the request but made a finding of fact which rendered it inconsequential. No inconsistency is presented which would have required the judge to have granted a new trial based on that ground. *Biggs v. Densmore*, 323 Mass. 106.

Request 9 was that where traffic at an intersection is governed by a constant series of signal lights, and the operator of the plaintiff's car is signalled to proceed ahead, while the operator of the defendants' truck is signalled to stop and is provided with a haven of safety, defendants' truck operators failure to stop is evidence of negligence. The judge granted this request but added "I do not so find". What has been said with reference to request 6 applies equally to request 9.

Requests 11, 12, 13, 14, 15, 19, and 20 were that on all the evidence, or, on all the evidence and law, the plaintiff Carlton Manufacturing Company is entitled to recover; the plaintiff Clancy is entitled to recover; the operator of the defendants' vehicle did not exercise due care; the plaintiff exercised due care; and the defendants' operator has made contradictory inconsistent statements concerning the colors of the

signal lights on Washington Street where he was driving. Some, if not all, of these requests for rulings "upon all the evidence" did not specify the grounds upon which they were based and therefore did not comply with Rule 27 of the Rules of the District Courts. *Hurley v. Ornsteen,* 311 Mass. 477. Such requests are reviewable by the Appellate Division in its discretion, but, as there was evidence to support the judge's finding the operator of the defendants' truck was not negligent, there is no occasion to do so. *Baker v. Davis,* 299 Mass. 345, 349. They were all rendered immaterial by the judge's finding that the operator of the defendants' truck was not negligent. *Liberatore v. Framingham,* 315 Mass. 538, 543, 544. They were all directed to findings which were not required to be made as matter of law. *Howard v. Malden Savings Bank,* 300 Mass. 208, 211.

Request 17 that there is evidence that the defendants' operator traveled through the intersection at 20 miles per hour or about 15 or 20 miles per hour but that a police officer told said operator to report 15 miles per hour; request 23 that the defendants' operator's statement as to the color and time sequence of the traffic lights differed from the expert testimony of an employee of the company which maintains those lights; and request 29 that while travelling about 20 or 15 miles per hour, just for an instant he saw out of the corner of his eye the plaintiff's car "about 10 feet away" and "rolling very slowly towards' him, were properly denied. They were in fact requests for rulings of fact and not reviewable. They assumed facts which were not required to be found as matter of law. *Sikora v. Hogan,* 315 Mass. 66, 70. They were in any event rendered immaterial by the judge's findings. *Daniel v. Jardin,* 320 Mass. 764. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

There was some inconsistency in the testimony of the defendants' operator relating to his speed within the intersection and the color sequence of the traffic lights, but, at most, it was for the judge to discover

the truth from the somewhat conflicting statements. *Thibeault v. Poole*, 283 Mass. 480, 482, 483. Several of the plaintiffs' requests for rulings imply or suppose that the defendants' operator violated the law as to speed within the intersection and as to a regard for the traffic lights. The judge's finding in favor of the defendants' operator does not support the contentions implicit in those requests and the evidence did not require such a finding. It is the law that "The violation of a penal statute or of a valid ordinance, rule or regulation is evidence of negligence as to all consequences that were intended to be prevented . . . Evidence of such violation, however, does not make out actionable negligence unless the violation is shown to have been actually a proximate cause contributing to the injury suffered. It may be only a circumstance and not a cause, and the question is generally one of fact." *Kralik v. LeClair*, 315 Mass. 323, 326, and cases cited. See also *Sullivan v. Griffin*, 318 Mass. 359, 361. This principle was recognized by the judge in granting requests relating to such assumed violations. But it is clear that the judge did not find the defendants' operator guilty of any such derelictions. The judge found that the defendants' operator did not try to "beat the lights". The judge rejected that view of the evidence to which Request 25 inclined. This he had a right to do as the finder of the facts. The granting of the request was not required. *Franklin Park Lumber Co. v. Huie-Hodge Lumber Co.*, 246 Mass. 157, 158.

We find no error of law in the treatment or denial by the judge of the plaintiffs' requests for rulings of law, nor in his refusal to grant the plaintiffs a new trial. Accordingly, an order is to be entered dismissing the report.