*Southern District*

## LARIS CAR & TRUCK RENTAL, INC.

### v.

### WILLIAM F. HICKS

*Cox, J.* In this action of tort the plaintiff seeks to recover compensation for damage to its automobile caused by the alleged negligence of the defendant.

The plaintiff is engaged in the business of renting automobiles for hire. It had leased to the Koppers Company of Providence, Rhode Island, a number of automobiles including the one which is the subject of this action. The Koppers Company paid rent for the vehicles.

At the time and place of the accident the automobile was being operated by one Mohler an employee of the Koppers Company on business of his own but with the permission of the Koppers Company.

The damage to the automobile was caused by a collision with another automobile operated, but not owned, by the defendant.

The foregoing facts do not appear to be in dispute and in any event were established by findings by the trial judge well warranted by the evidence.

The judge found that the drivers of both vehicles involved in the accident were negligent. In ordering judgment for the plaintiff the judge held that the contributory negligence of the driver of the plaintiff's car was not to be imputed to the plaintiff.

The case was reported by the judge for our determination because the defendant claims to be aggrieved by the judge's denial of three of the

defendant's five requests for rulings of law. The requested rulings which the judge denied were:

"3. That the contract which existed between the Plaintiff and Mr. Mohler's employer constituted a form of joint enterprise.

"4. That because of said contract existing between the Plaintiff and Mohler's employer, that Mr. Mohler's negligence can be imputed to the Plaintiff and thus bar his recovery.

"5. That the law of bailments as stated in the case of Nash vs. Lang, 268 Mass. 407, which permits a gratuitous bailor to recover from a third party when negligent, regardless of the negligence of the gratuitous bailee may not be extended to a bailment for hire."

It was decided in *Nash v. Lang, 268 Mass. 407,* that a bailor, free from personal negligence, may recover for damage to a bailed automobile resulting from concurring acts of negligence of the bailee and of a third person. It is clearly established by that decision that "the contributory negligence of the bailee, concurring with that of a third person to injure the bailed property, is not to be imputed to the bailor who is free from any negligence."

In *Nash v. Lang,* Mrs. Nash had lent her automobile to her husband Dr. Nash for the purpose of making his professional calls. While being so used the automobile was damaged by the concurring negligence of Dr. Nash and the defendant. The Court held that under those circumstances Dr. Nash was not his wife's agent but was acting independently in his own right. The court also held that "The interest of the wife in the professional success of her husband, aided though it may be by his marital obligation to support her, is not sufficient to render the work of the husband a joint enterprise of both. There must be additional factors to establish the relation of principal and agent or master and servant. See *Goldstein v. Slutsky, 254 Mass. 501, 505; and McGowan v. Longwood, 242 Mass. 337.* It follows

that the relation of the plaintiff and her husband with respect to the automobile was that of bailor and bailee."

The defendant's contentions implicit in his requests for rulings of law which the court denied, are that the lease of the car by the plaintiff to the Koppers Company was a form of joint enterprise between the two, that the lease being a form of joint enterprise Mohler's negligence must be imputed to the plaintiff and thus bar its recovery, and that the law as laid down in *Nash v. Lang* which does not impute to an innocent bailor the negligence of a bailee concurring with that of a third person to injure the bailed property, applies only in cases of gratuitous bailments and does not apply in cases of bailments for a money consideration.

*Nash v. Lang* has been cited many times in subsequent decisions of the Supreme Judicial Court in cases involving bailments. While it is true that in the cases the bailments were gratuitous or involved no more consideration than existed in the Nash case, the court has never drawn the distinction the defendant advocates. *Wilmur Motors, Inc. v. Eastern Mass. Street Ry. 271, Mass. 31, 34; Wilson v. Grace, 273 Mass. 146, 155; Anthony v. Boston & Maine Railroad, 276 Mass. 392-397; Thibeault v. Pool, 283 Mass. 480, 483; Bresnick v. Heath, 292 Mass. 293-296; Gibbons v. Denoncourt, 297 Mass. 448, 458; Leveillee v. Wright, 300 Mass. 382, 390; Belli v. Forsyth, 301 Mass. 203, 205; Price v. Pearson, 301 Mass. 260, 264; Colbert v. Ricker, 314 Mass. 138, 140; Feaver v. Railway Express Agency, Inc. 324 Mass. 165, 168; Arrigo v. Lindquist, 324 Mass. 278, 280; Lodge v. Bern, 328 Mass. 42,* (which in referring to *Nash v. Lang*, intimates at page 45 that it's law applies equally to bailments with or without consideration).

The principle in *Nash v. Lang* has been extended to a case involving the conditional sale of an automobile and on the strength of *Nash v. Lang* a

conditional vendor has been given the same right of action as a bailor has against a third person because of damage to the vehicle caused by the concurring negligence of the third person and the conditional vendee. *Morris Plan Co. v. Hillcrest Farms Daily, Inc. 323 Mass. 452.* In that case the court wrote - "The defendants argue that a conditional sale is not a bailment and point out a number of differences which they say distinguish the one from the other. We are unwilling to enter needlessly upon questions of precise definition. Whatever differences may exist for some purposes, and whether or not a conditional sale can accurately be said to involve a bailment, we see no reason why a conditional vendor should not have a right of action against a third person when a bailor would have one. This similarity of right was recognized in *Harrington v. King, 121 Mass. 269,* and is implicit throughout the opinion in the recent case of *Association Discount Corp. v. Gillineau, 322 Mass. 490.* It is the ground of decision in *Commercial Credit Corp. v. Satterthwait, 107 N.J.L. 17,* a case closely resembling the present one." We take the reasoning of that case as authority that the same right of action extends in favor of the present plaintiff as a lessor free of any negligence in connection with the accident as an innocent bailor and an innocent vendor have.

We are unable to find any case where our court has held that the principle in *Nash v. Lang* does not apply to a bailment for hire. The issue has not been precisely or directly raised, so far as we are able to discover, but it seems clear that our court has observed no such distinction. In the *Morris Plan Co.* case a money consideration was involved in the conditional sale of an automobile as much as a money consideration was involved in the lease of the automobile in the case before us. We must reject the contention that the law in *Nash v. Lang* does not apply to bailments or similar arrangements for a consideration. Accordingly the defendant's fifth

request was properly denied.

The lease of the automobile by the plaintiff for a money consideration was not a form of joint enterprise so that, as the defendant contends, the contributory negligence of the lessee's employee or the lessee is to be imputed to the lessor. As the court pointed out in *Nash v. Lang, 268 Mass. 407, 410,* the relation of principal and agent or master and servant must be shown to exist.

In the case of *Caron v. Lynn Sand & Stone Co.,* 270 Mass. 340, 346, it was said that "To constitute a common or joint enterprise between two or more persons and thereby make the doctrine of joint enterprise applicable as a branch of imputed contributory negligence, it must appear that such persons have an equal right to direct and control the conduct of the others concerning the acts or omissions which contributed to cause the injury. In such circumstances the negligence of either of such persons is imputed to each of the others." In the case before us it is evident that the plaintiff was not engaged in a joint enterprise with its lessee or its lessee's employee simply because it had, for a money consideration leased its car to the employer of the person who was operating it at the time of the accident. As neither the Koppers Company nor its employee Mohler were engaged in a common enterprise with the plaintiff at the time and place of the accident the negligence of Mohler is not to be imputed to the plaintiff. *McGowen v. Longwood, 242 Mass. 337; Goldstein v. Slutsky, 254 Mass. 501, 505; Colbert v. Ricker, 314 Mass. 138, 140; Lodge v. Bern, 328 Mass. 42, 45.* We perceive no error in the denial of the defendant's third and fourth requests.

The provisions of *G. L. (Ter. Ed.) c. 231, §85A* placing a prima facie responsibility on the registered owner for damages arising out of an automobile accident has no application here as the case has been heard on its merits and the legal responsibility of

the parties established by findings. See *Arrigo v. Lindquist, 324 Mass. 278.*

As we see no error of law an order is to be entered dismissing the report.