*Northern District*

No. 7008

## SUSAN McCLAIN ppa. et al

v.

## ELIZABETH HUGHES

Argued: Mar. 26, 1969. Decided: June 13, 1969.

*Present:* Connolly J. (Presiding), Parker, Yesley, JJ.

Case tried to *DiVitto, J.,* in the First District Court of Southern Middlesex # 895-R

*Parker, J. This is an action of tort to re-cover for personal injuries* alleged to have been caused by the throwing a telephone receiver in the plaintiff's face, causing the fracture of one of the plaintiff's teeth. The declaration is in four Counts, Count 1 for negligence, Count 2 for gross negligence. Counts 3 and 4, for consequential damages to the father of the plaintiff. The answer is a general denial, contributory negligence, assumption of risk, denial of control of the locus and the statute of limitations. The Court found for the defendant on all counts.

The report shows that the plaintiff was fourteen (14) years old and the defendant was thirteen (13) years old at the time of the accident.

It was stipulated that the incident occurred in the house owned by the defendant's parents with whom the defendant lived.

The report set out the following evidence:

The plaintiff and defendant were classmates in school and the plaintiff had visited the defendant's house on two or three occasions before the accident. On April 21, 1967, plaintiff and defendant, after school, arrived at the house of the defendant's parents. The defendant and the plaintiff went upstairs to the defendant bedroom to "fool around". The defendant brought the telephone, which was on a long extension into her bedroom from the hallway. They sat on the floor, the defendant to the right of the plaintiff, the distance between

them being less that a foot. The defendant dialed two numbers at random but got no answer. She then placed a call to a friend or hers unknown to the plaintiff. This call was made while the children were in this position. At the time of this call the plaintiff was not paying particular attention to the conversation and was looking to her left. Suddenly the plaintiff heard the plaintiff say, "Here Susan, catch". The plaintiff turned her head to the right and instantaneously with turning her face and as she completed turning her face to the right, the telephone receiver hit her in the mouth. The defendant was using the telephone and as she said "Here Susan, catch", she threw the receiver at the plaintiff. The plaintiff threw up her hands to catch the receiver but failed. As a result of being hit by the receiver, the plaintiff's front tooth was fractured horizontally.

The plaintiff seasonably filed eight (8) requests, as follows:

1. The evidence does not *warrant* a finding the defendant was the owner of the premises on which the accident occurred and which the plaintiff, Susan McClain, sustained her injury.

2. The evidence *warrants* a finding the defendant was a licensee on the premises where the accident occurred. See *Colbert* v. *Ricker*, 314 Mass. 138.

3. The evidence *warrants* a finding that both the plaintiff, Susan McClain, and the

defendant were licencees on the premises where the accident occurred.

4. Licensees on a third person's premises owe to each other a duty of reasonable care. See *Sarna* v. *American Busch Magnets Corporation,* 290 Mass. 340, 344, 346.

5. The evidence *warrants* a finding the defendant was negligent and that said negligence was the proximate cause of the plaintiff, Susan McClain's injury.

6. The evidence *warrants* a finding for the plaintiff, Susan McClain.

7. The evidence *warrants* a finding for the plaintiff, Francis M. McClain.

8. The evidence *warrants* a finding the defendant was guilty of gross negligence.

*"FINDING AND DISPOSITION OF PLAINTIFFS' REQUEST FOR RULINGS*

The Court made the following:

I find the defendant, 13 years of age visited with the plaintiff Susan McClain (hereinafter called the "plaintiff"), 14 years of age, at the defendant's parents' home. (It was stipulated that the accident hereinafter described occurred in the house owned by the defendant's parents, and that the defendant lived in the household.) The defendant had the plaintiff as a visitor on three or four other occasions. On April 21, 1967 after they arrived at the home, the plaintiff and defendant went upstairs in said home. They decided to "fool around" and telephone people.

The telephone was in the hallway; the phone was brought into the bedroom and was placed on the floor; the plaintiff and the defendant were seated side by side on the floor.

Before the accident occurred several calls were made between the two parties, but they had not "reached" anyone. On the third try a woman answered the phone, and the defendant was taken by surprise on hearing someone answer that she said to her classmate and playmate, who was facing her: "Here, catch". The plaintiff tried to catch the phone, but missed it with her hands, and it struck her in the mouth chipping the right front central incisor, requiring treatment by a dentist and ultimately a veneer crown.

The conduct was, in view of the circumstances, to wit: playful actions of the parties, and not unreasonable or due to any lack of care on the part of the defendant.

With reference to plaintiff's requests for rulings, I rule as follows:

#1 and #2 granted; #3 to #8 inclusive, denied.

I find for the defendant on Counts 1, 2, 3 and 4."

The plaintiff claims to be aggrieved by the denial of her requests 3, 4, 5, 6, 7 and 8 and contends that the court by its denial of the plaintiff's requests #5, 6 and 7 without stating his finding of facts thereon, fails to show that it properly instructed itself as to the law governing the case.

The court made written findings of fact. Under Rule 27, last paragraph, of the Rules of the District Courts it is unnecessary for the court to state the facts found "unless the same appears from special findings filed". The question then arises, do the "FINDING AND DISPOSITION ON PLAINTIFF'S REQUESTS FOR RULINGS" (supra) state the facts found by the court so as to make the requests inapplicable, or that the requests if granted, would be inconsistent with the facts so specially found.

We are of the opinion that the Finding of the court shows facts which warranted in finding the defendant was not negligent. *Liberstore* v. *Framingham*, 315 Mass. 538, 541. *Strong* v. *Haverhill Electric Co.*, 299 Mass. 455.

The defendant as children are liable for their torts. They, however, are not held to the same standard of care as an adult. Their conduct is to be judged by the standard of behavior expected from a child of like age and experience. *Mann* v. *Cook*, 346 Mass. 174. Restatement of Torts, § 283A.

The determination of the negligence of a child is a question of fact. *Sample* v. *Melrose*, 312 Mass. 170, 174. *Cairney* v. *Cook*, 266 Mass. 279, 282. *Sullivan* v. *Boston Elevated Railway*, 192 Mass. 37, 44. *Lynch* v. *Smith*, 104 Mass. 52, 57.

The finding shows the basis of the refusals of the plaintiff's requests 5, 6, and 7. We cannot review questions of fact found by the trial

judge. *Deitrick* v. *Siegel,* 313 Mass. 612, 613. *Palma* v. *Racz,* 302 Mass. 249.

Since the court has found on the facts there was no negligence on the part of the defendant, it follows that there could be no finding of gross negligence and therefore there was no error in the refusal of request #8.

Since there was no error in the rulings on requests 5, 6, 7 and 8, the rulings on requests 3 and 4 become immaterial. *Stella* v. *Curtis,* 348 Mass. 458. *The report is dismissed.*

RALPH G. COPELAND
    for plaintiff.

JOHN D. CORRIGAN, JR.
for defendant.