MAY G. LEWIS, PLAINTIFF-APPELLANT, v. WILLIAM Y. DEAR, DEFENDANT-APPELLEE.

Submitted February 11, 1938—Decided April 29, 1938.

For the appellant, *Richard Doherty*.

For the respondent, *Kalisch & Kalisch* (*Isidor Kalisch*, of counsel).

The opinion of the court was delivered by

PORTER, J. The appellant was a guest with others in the home of the respondent, having been invited to spend the evening and to participate in card playing and other entertainment. She was summoned to supper by her hostess from the solarium where she was playing cards. The floors were of hardwood and highly polished. A small rug was on the drawing room floor at the entrance to the solarium. In passing through this doorway to go to supper, the respondent stepped on this rug, it slipped from under her and caused her to fall violently to the floor resulting in personal injuries, for which she seeks damages.

The defendant's motion for nonsuit was granted. This appeal is from that ruling.

We think the decision was right. On the facts, which are not disputed, no case of liability is established under the law.

The rule, as stated in *Corp. Jur.* 794, and quoted with approval by Mr. Justice Bodine in the opinion in *Gregory* v. *Loder,* 116 *N. J. L.* 451, follows:

"It has been held that one who comes on premises by express invitation to enjoy hospitality as a guest of the owner or occupant, or a guest who enters merely to receive a gratuitous favor from the owner or occupant, has only the rights of a licensee and must take the property as he finds it."

This court, speaking through Mr. Justice Minturn in *Morril* v. *Morril,* 104 *N. J. L.* 557, quoted with approval from *Southcote* v. *Stanley,* 1 *H. & N.* 247; 25 *L. J. Exch.* 339, this language:

"Where one visits the private home of another as a social guest the owner is bound to take the same care of him that he takes of himself, and the other members of his family, and no more."

See, also, *Comeau* v. *Comeau,* 89 *N. E. Rep.* 588; 92 *A. L. R.* 1002.

The appellant contends that even though she was a licensee the respondent is none the less liable because of creating a trap and for being actively negligent.

The proofs are entirely barren of any facts or inferences which might properly be drawn therefrom of any entrapment or act of wrongdoing which would take the case out of the principles of the cases above cited.

The testimony presented a question of law for the court and not of fact for the jury.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.