MRS. L. W. PRIDGEN, SR., v. S. H. KRESS & COMPANY.

(Filed 4 May, 1938.)

1. Negligence § 4d—

The proprietor of a store, while not an insurer of the safety of his customers, owes them the duty to exercise ordinary care to keep the premises in reasonably safe condition and to give warning of hidden dangers ascertainable by him by reasonable inspection and supervision.

PRIDGEN *v.* KRESS & CO.

**2. Same—Proprietor of store held not liable for injuries from fall caused by movement of crowd in the store.**

Evidence that a customer in a store was shoved or pushed off balance by the movement of a crowd around a demonstrator of merchandise in the store, resulting in her falling down the steps leading to the basement of the store, without evidence or contention of any unsafe condition in the stairway or lighting, *is held* insufficient to resist defendant's motion to nonsuit, the evidence disclosing that the accident was due not to any negligence on the part of the proprietor but to the movement of the crowd which was not reasonably foreseeable by defendant.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Armstrong, J.,* at February Term, 1938, of MECKLENBURG. Affirmed.

This is an action to recover damages for personal injuries which the plaintiff alleges she sustained as the result of the negligence of the defendant.

The defendant operates a five-and-ten-cent store in the city of Charlotte. There is a basement in its store in which meals are served and a stairway leads from the ground floor to the basement for the use of customers in going to and from the basement. On or about 24 October, 1936, late in the afternoon, the plaintiff entered the defendant's store for the purpose of going to the basement. She noticed a crowd estimated by the witnesses from 100 to 300 persons at or near the head of the steps, listening to an employee of the store who was making a demonstration of Christmas toys. She proceeded to the head of the steps and was there pushed or shoved by the crowd. She lost her balance and fell down the steps, suffering certain personal injuries. The circumstances of the occurrence are described by the plaintiff as follows: "The distance from the front door, which I entered, to the top of the front steps of the stairway leading to the basement is about five or six feet. I went right straight to the steps when I entered the store. At the top of the steps on a little platform, at the time I entered the store, a man was sitting on a stool or something, demonstrating Christmas toys to about 100 or more people crowded around him. The place was crowded. The best I know it was 100 or more. Just as I got to the steps he hollered to them to 'Come up, crowd up, listen for the next demonstration,' and, 'To come up quick.' The crowd rushed right up to him when he said that and that overbalanced me and threw me down the steps. I was at the edge of the top step on the right, just ready to go down when the crowd rushed up."

At the conclusion of the evidence for the plaintiff there was a motion to dismiss as of nonsuit, which was allowed, and judgment was entered accordingly. The plaintiff excepted and appealed.

*Carswell & Ervin for plaintiff, appellant.*
*J. Laurence Jones and J. L. DeLaney for defendant. appellee.*

PER CURIAM. It is well established in this jurisdiction that the proprietor of a store, while not the insurer of the safety of customers while on the premises, does owe to such customers the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warnings of hidden perils and unsafe conditions in so far as same can be ascertained by reasonable inspection and supervision. In the instant case there is no complaint as to the condition of the stairway or as to the condition of the lights at the time of the accident. The plaintiff relies solely upon her allegations of negligence in respect to the congested crowd at the head of the steps and as to the alleged negligence on the part of the defendant in conducting a demonstration at or near the head of the steps and in calling up the crowd to see the demonstration. Plaintiff saw the demonstration in progress, observed the crowd at the head of the steps and proceeded on into the area that was congested. As a result of the movement of the crowd in response to the call of the demonstrator to come up and see the demonstration she was shoved or pushed in such manner that she lost her balance and fell down the steps.

It would seem to us that this is a casualty of the crowded condition in the store which was not reasonably foreseeable by the defendant. The record fails to disclose any negligent or wrongful act on the part of the defendant or any breach of its duty to the customers in its store. We are, therefore, of the opinion that the judgment of nonsuit was proper.

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.