JULIA O'BRIEN *vs.* MARY SHEA.

Middlesex.    December 6, 1950. — January 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Invited person, Guest, Gratuitous undertaking, One owning or controlling real estate.

Evidence, that one making a social call at the home of another acceded to her host's suggestion that they go out into the yard and chase away children who were disturbing them and who had caused the host some annoyance in the past, did not warrant a finding that thereby the gratuitous relation of host and guest and the duty owed by the host to the guest changed so as to entitle the guest to recover from the host for injuries sustained in a fall allegedly due to ordinary negligence on the part of the host in suddenly shutting off the light in a vestibule by closing a door while they were returning from the yard.

TORT.    Writ in the Superior Court dated December 1, 1948.

The action was tried before *Hurley,* J.

*C. F. Choate,* for the plaintiff.

*J. Burke Sullivan,* for the defendant.

WILLIAMS, J.    The personal injuries for which the plaintiff seeks to recover compensation were received while she was making a social call on the defendant at the latter's home on Hollis Street in Cambridge.    The plaintiff, who was seventy-one years old, and the defendant, whose age does not appear, had been acquainted thirty or forty years, and the former had been in the habit of visiting the latter "perhaps once a month or so."    On the evening in question, June 9, 1948, the plaintiff arrived at about 7:30 P.M. and with the defendant sat in the kitchen talking for about half an hour.    They were then disturbed by the noise of something striking the window pane attributed by the defendant to the acts of children in the neighborhood who in the past had caused her some annoyance.    She said to the plaintiff, "Let's go out and chase those children away."

The two women went out through a vestibule into the yard and, the children having disappeared, stood there talking for a few minutes. In returning they both stepped from the platform at the head of the outside steps into the vestibule. The defendant shut or, as the plaintiff testified, "slammed" the outside door, and as the plaintiff proceeded into the kitchen she stumbled or tripped over a raised threshold, fell and was injured. It is contended that her fall was due to the sudden shutting off of the light in the vestibule by the closing of the rear door. The evening was misty and rainy and, although the sun did not set until 8:19 P.M., it was dark in the vestibule. The judge ordered a verdict for the defendant on the plaintiff's count for gross negligence, and after a verdict for the plaintiff on her count alleging ordinary negligence, the judge entered a verdict for the defendant under leave reserved. To this entry the plaintiff has excepted.

The plaintiff entered upon the premises of the defendant as a visitor for social purposes, and to her as a guest the defendant owed the duty to refrain from acts of gross negligence. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Comeau* v. *Comeau*, 285 Mass. 578. *Ruel* v. *Langelier*, 299 Mass. 240. *Aragona* v. *Parrella*, 325 Mass. 583, 587. It is clear that the evidence would not warrant a finding of negligence in such degree. But the plaintiff urges that liability of the defendant may be established by proof of ordinary negligence. Her contention is based on an alleged change of her relationship with the defendant by reason of her acceptance of the latter's invitation to go out and help chase the children away. It is true that one who invites a person to enter upon his premises for the conferring of a benefit not necessarily pecuniary may owe to that person the duty to refrain from acts of ordinary negligence. *Lyttle* v. *Monto*, 248 Mass. 340. *Semons* v. *Towns*, 285 Mass. 96. *Woods* v. *Woods*, 295 Mass. 238, 242. *O'Brien* v. *Bernoi*, 297 Mass. 271. *Allen* v. *Allen*, 299 Mass. 89. *Holland* v. *Pitocchelli*, 299 Mass. 554. *Weida* v. *MacDougall*, 300 Mass. 521. *Donovan* v. *Johnson*, 301 Mass. 12. *Lepri* v. *Levy*, 315

Mass. 105. The beneficial interest, however, which the invitor has in the carrying out of this purpose must have "a business or commercial significance and does not comprise those intangible advantages arising from mere social intercourse." *Comeau* v. *Comeau*, 285 Mass. 578, 581. See *Flynn* v. *Lewis*, 231 Mass. 550; *Baker* v. *Hurwitch*, 265 Mass. 360; *Jacobson* v. *Stone*, 277 Mass. 323; *Roiko* v. *Aijala*, 293 Mass. 149; *Ruel* v. *Langelier*, 299 Mass. 240. The evidence here would not warrant a finding that the gratuitous relationship of host and guest had ceased and had been succeeded by a new one attended with other and different rights and obligations. The journey to the yard was only an incident in the social intercourse of the parties. See *Donahue* v. *Kelley*, 306 Mass. 511; *Ethier* v. *Audette*, 307 Mass. 111; *Bragdon* v. *Dinsmore*, 312 Mass. 628; *Adams* v. *Baker*, 317 Mass. 748. Compare *Fone* v. *Elloian*, 297 Mass. 139. Their relationship suffered no change in character and the duty of care owed by the defendant was not enhanced in favor of the plaintiff. There was no error in the ruling that the plaintiff could not recover on her count for negligence.

*Exceptions overruled.*