**FAIR STORES, Inc. v. LANE.**

No. 6120.

Court of Civil Appeals of Texas. Amarillo.

Feb. 26, 1951.

Rehearing Denied April 23, 1951.

Allison & Allison, Levelland, R. Stansell Clements, Lamesa, and Leachman, Matthews & Gardere, Dallas (Henry D. Akin, Dallas, of counsel), for appellant.

Bob Huff, Lamesa and R. H. Munsterman, Levelland, for appellee.

LUMPKIN, Justice.

The appellee, C. A. Lane, brought this suit for personal injuries suffered by his wife, Mamie Lane, against the appellant, Fair Stores, Inc., a mercantile establishment in Levelland, Texas. For several days prior to the time of Mrs. Lane's injury, the appellant had advertised, both in the local newspaper and by the distribution of handbills, that each of the first 200 women who entered its store at 9 a. m., on June 17, 1949, would receive a pair of nylon hose free of charge.

The appellee alleged that, on the morning of June 17, his wife, in response to the appellant's advertisement, was one of several hundred women gathered in front of the appellant's store. When the doors of the store were opened at about 9:30 a. m. Mrs. Lane entered on the crest of the crowd and in some manner sustained a broken leg.

The appellee's cause of action is based on the theory that Mrs. Lane's injuries were proximately caused by the appellant's negligence in the following manner: (1) In expressly inviting in excess of 200 prospective customers into its small place of business. (2) In failing to properly police the premises after inviting the general public to come for the opening of the store. (3) In refusing to open the doors of its business at 9 a. m. the advertised time of opening. (4) In failing to rope off the entrance for the expected crowd. (5) In failing to provide handrails or objects for Mrs. Lane to hold to as she entered the building. (6) In having the floor of its premises constructed of a slick, glazed substance that constituted a hidden defect. (7) In failing to have its agents or employees stationed outside of the entrance of the premises to properly police and keep the crowd from pushing and shoving. (8) In constructing the front show windows of the store in a V-shape.

The appellant answered by a general denial. It specifically alleged that the injury sustained by appellee's wife was a result of the action of a third person over which the appellant had no control. In the alternative, the appellant alleged that Mrs. Lane's injury was the result of negligence on her part in the following respects: (1) In failing to discover and foresee the danger or peril to which she was subjected by the conduct of the crowd. (2) After discovering the danger of injury by the unruly nature of the crowd, in failing and refusing to take the necessary precautions to prevent the injuries sustained by her, which negligence was a proximate cause of her injuries. (3) In forcing herself to the head of the line and insisting upon being one of the first customers to enter the store. Further, the appellant pleaded that the accident was unavoidable.

Trial was to a jury. After the appellee rested, the trial court overruled the appellant's motion for an instructed verdict. At the close of the evidence the jury found in response to special issues that Mrs. Lane's injuries were not the result of an unavoidable accident. The jury found the appellant guilty of four acts of negligence, the proximate cause of her injuries: (1) The failure of the appellant's agent to properly police its premises; (2) the appellant's failure and refusal to open the doors of its business at 9 a. m.; (3) the appellant's failure to rope off the entrance of the store; (4) the appellant's failure to have its agents or employees properly police the entrance of its premises and keep the crowd from pushing and shoving. The jury also made certain findings as

to the damages suffered by the appellee by reason of his wife's injuries.

The appellant's motion for judgment non obstante veredicto was overruled, and the court rendered judgment in favor of the appellee. The judgment specifically recites: "It is further ordered, adjudged and decreed by the court that based upon such special issues and findings of the jury thereon, that the plaintiff C. A. Lane have and recover from and of the defendant the sum of $10,125.00 for loss of services of Mamie Lane, $1451.00 for past medical expense, $2500.00 for future medical expense, and $5085.00 for the benefit of Mamie Lane for her pain and suffering."

■ This judgment was entered on May 1, 1950. On June 6, 1950, the court overruled the appellant's motion for a new trial. In due time, on August 4, 1950, the transcript was filed in this court; and on January 26, 1951, some 234 days after the motion for a new trial was overruled, the appellant by motion asked permission to file the statement of facts here. The appellee is resisting this motion. The appellant contends, however, that although the statement of facts was not filed within the 60-day period prescribed by Rule 386, Texas Rules of Civil Procedure, this court may review the action of the trial court in rendering its judgment.

In 3–A Tex.Jur. 588–589, it is said: "The absence of a statement of facts merely limits the extent of review by preventing the consideration of assignments of error based upon matters that should appear therein. Such absence does not affect the right to appeal, nor the jurisdiction of the appellate court, nor does it require the dismissal of an appeal, or prevent an affirmance or reversal of the judgment. The judgment appealed from will be affirmed if there is no statement of facts and no assignments of error which can be reviewed without a statement of facts. However, the rule does not apply when it affirmatively appears from the record that the court decided the case upon an erroneous conclusion of law."

An appellate court may consider errors of law apparent of record without a statement of facts; it may inquire into the sufficiency of the pleadings to support the judgment; it may revise any errors committed by the court in applying the law to the facts found by it; and it may consider the court's alleged error in rendering a particular judgment on the findings of the jury on special issues. 3–A Tex.Jur. 589–592.

The appellant insists that this case was decided upon an erroneous conclusion of law. As revealed by the transcript, the appellee is seeking to recover for the injuries sustained by his wife as she was carried forward by the push of a crowd attracted by an opening sale and an offer of free nylon hose. The jury, in response to special issues, found the appellant guilty of four acts of negligence. The trial court, the appellant contends, rendered judgment for the appellee upon the erroneous conclusion that these findings of negligence were the proximate cause of the appellee's damages, when, as a matter of law, the findings are insufficient to support the judgment rendered.

In the case of Texas & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162, 163, the Supreme Court discussed the meaning of the words "proximate cause" as used in cases of this nature. In part the court said: "The maxim that, 'in law, the immediate, and not the remote, cause of any event, is regarded,' applies to cases of negligence. The negligence must be the proximate cause of the injury. But the word 'proximate' is not happily used in that connection. In ordinary language, a proximate cause is the nearest cause; but, in a legal sense, an act of neligence may be deemed a proximate cause of an injury, although it may not be the last cause in a connected succession of events which have led to a result. It is usually laid down, in cases of negligence, that, in order to constitute the proximate cause of an injury, the injury must be the natural and probable result of the negligent act or omission. Since every event is the result of a natural law, we apprehend the meaning is that the injury should be such as may probably happen as a consequence of the negligence, under the ordinary operation of

natural laws. The rule is sometimes put upon the ground that to allow a recovery for injuries resulting from remote causes would lead to intolerable litigation, and this seems to be indicated in Bacon's paraphrase of the maxim quoted above: 'It were infinite for the law to consider the causes of causes, and their impulsions one of another. Therefore it contenteth itself with the immediate cause, and judgeth of acts by that, without looking for any further degree.' But it seems to us that as applied to the law of negligence, at least, a better ground for the rule is that a party should not be held responsible for the consequences of an act which ought not reasonably to have been foreseen. In other words, it ought not to be deemed negligent to do or to fail to do an act when it was not anticipated, and should not have been anticipated, that it would result in injury to any one. To require this is to demand of human nature a degree of care incompatible with the prosecutions of the ordinary avocations of life. It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of foresight should not be arbitrarily imputed. 'It can hardly be negligent not to provide against what no one can anticipate,' says Blackburn, J., in Smith v. Railway Co., L.R. 6 C.P. 14.

Rincon v. Berg Co., Tex.Civ.App., 60 S.W.2d 811, 814, writ dis., is a case similar in many respects to the one before us. In that case the plaintiff went to the defendant's store in response to an advertisement. A considerable crowd assembled in the vestibule of the store. One of the defendant's employees was stationed at the front door admitting a few customers at a time. The plaintiff was pushed by the crowd against one of the display windows and received cuts on her head and hands. The jury found that the defendant was negligent in failing to have the windows boarded up and in failing to take other precautions for the safety of persons attending the sale. The jury found that the plaintiff was damaged in the sum of $1000, but the trial court rendered judgment for the defendant non obstante veredicto. In affirming the trial court, the Court of Civil Appeals held that the failure to board the windows or to take other precautions for the safety of those attending a sale could not form the basis upon which the plaintiff could recover damages for her injuries. Since no one could have reasonably foreseen that the crowd would become unruly and push members against the windows, the action of the crowd acted as a new and independent cause of the plaintiff's injuries. The court held that the store owners' failure to board up its display windows was not the proximate cause of the plaintiff's injuries. After quoting the above excerpt from Texas & P. Ry. Co. v. Bigham, supra, the Court of Civil Appeals said: "The above discussion appeals to us as being peculiarly applicable to the question under consideration. Can it be said that the Berg Company could have reasonably foreseen that, if it failed to board up its display windows, a crowd would come to attend the sale, the members of which would become so impatient that they would push other members against the display windows in the entrance, thereby injuring them? We think not."

█ Paraphrasing the above paragraph from the Rincon case, we ask this question: Can it be said that the appellant, The Fair Stores, Inc., could have reasonably foreseen that if it failed to police the premises, open at 9 o'clock, and rope off the entrance, a crowd would come to attend the sale, the members of which would become so impatient that they would push other members against the door at the entrance, thereby injuring them? We do not believe that the appellant could have reasonably anticipated such a chain of events. In our opinion the failure of the appellant to police the premises, open at 9 o'clock, and rope off the entrance were not the proximate cause of the injuries which Mrs. Lane sustained. The immediate cause of her injuries was the conduct of the crowd.

In support of his position the appellee cites Greeley v. Miller's, Inc., 111 Conn. 584, 150 A. 500, 501. In that case the plaintiff was in a sale crowd which was pressed into the entrance and against the

door of defendant's store. The crowd was held beyond the advertised opening time. When the door was opened, the crowd of women pressed forward, breaking the windows at the entrance. The plaintiff was injured by the falling glass. There were no barricades around the windows. Supernumerary policemen did nothing to keep the crowd in order except to request them to step back from the door. The crowd, becoming impatient, tapped and knocked on the windows. Among other allegations of negligence, the plaintiff pleaded "that the defendant saw or should have seen or known of the crowd pressing forward in the entranceway and against the show windows and despite this failed to open the door and let the crowd in or to take any other measures to protect the people against the danger from the breaking of the windows." The trial court directed a verdict in favor of the defendant.

The Supreme Court of Errors of Connecticut in remanding the case for a new trial said that since the plaintiff was on the defendant's property by invitation, the defendant owed her the duty of exercising due care to have its premises safely constructed and maintained. The court held that it was defendant's duty to exercise reasonable care in the conduct of the business and that it was its duty to guard against subjecting the plaintiff to dangers of which the defendant was cognizant or which it might reasonably have anticipated. The Connecticut Court said that a jury might have reasonably found that the defendant knew or should have known that its show windows would break if pressed against by a disorderly crowd of people.

In the case at bar, however, the jury did not find that the appellant knew or should have known that a disorderly crowd would press the appellee against the appellant's door, or some other object, in such a way as to break her leg. As far as this record is concerned, Mrs. Lane's injuries are not the natural and probable result of the appellant's negligent act or omission.

 Since the facts alleged by the appellee and found by the jury do not con-

stitute a cause of action as a matter of law, the trial court erred in rendering judgment for the appellee upon such findings. The record as contained in the transcript reveals fundamental error. F. W. Woolworth & Co. v. Conboy, 8 Cir., 170 F. 934, 23 L.R.A., N.S., 743; Pridgen v. S. H. Kress & Co., 213 N.C. 541, 196 S.E. 821; Lord v. Sherer Dry Goods Co., 205 Mass. 1, 90 N.E. 1153, 27 L.R.A.,N.S., 232; Snyder v. Salwen, 317 Pa. 531, 177 A. 789. For this reason the judgment of the trial court is reversed and the cause is remanded for a new trial.