### F. J. THOMPSON v. J. S. DeVONDE.

(Filed 30 April, 1952.)

**1. Negligence § 4f—**

A patron of a rooming house who undertakes to make a trip to the basement at the request of the operator of the establishment *is* at least an invitee, and the operator owes him the duty to keep the premises in a reasonably safe condition and to warn him of any hidden peril or danger.

**2. Same—**

Evidence tending to show that a patron of a rooming house knew the condition of the basement steps, but that thereafter defendant removed the light cord extending over the stairway and that about three inches of the tread had been broken off of the step near the place where a person would normally stop to turn on the light, and that plaintiff was not warned of this danger and when he stopped to turn on the light and failed to find the cord he took a step down and "there wasn't any step there" *is held* sufficient to be submitted to the jury on the question of defendant's negligence and proximate cause.

**3. Same—**

Whether an invitee was guilty of contributory negligence when, after failing to find the cord on the steps to turn on the light necessary to illuminate the remaining steps, he attempted to proceed down the stairway, *is held* a question for the jury upon evidence tending to show that the steps had become more dangerous subsequent to his knowledge of their condition.

APPEAL by defendant from *Burgwyn, Special Judge,* January Extra Civil Term, 1952, MECKLENBURG. No error.

Civil action to recover damages for personal injuries.

Defendant operates a rooming house and permits his tenants or roomers to use space in the basement of his home for the storage of excess baggage. The steps to the basement were worn, chipped, and uneven. Defendant maintained a light near the head of the steps which, when turned on, would light the steps about one-half the way down. He also maintained a light cord, extending over the stairway, to turn on the basement light, before a person descending the stairway passed out of the range of the hall light. Plaintiff had been in the basement a number of times and was familiar with the condition of the steps and the lighting arrangements.

About a week before the mishap about which plaintiff complains, defendant removed the light cord. He also broke off about three inches of one of the treads about two or three steps from where one would normally turn on the basement light.

On 30 March, 1951, at approximately 10:30 p.m., defendant had a water hose attached to a faucet in the basement and extending up the

THOMPSON v. DeVONDE.

basement stairway on out the front door. Plaintiff, at the request of defendant, started to roll up the hose and return it to the basement. He turned on the light in the hall and proceeded down the stairway. He reached for the cord to turn on the basement light, and "there wasn't no cord there." He then made another step and "stepped on a step that wasn't solid" and lost his balance and fell. "I could judge a step, and I stepped for the next one and there wasn't any step there."

Plaintiff suffered serious bodily injuries.

Defendant failed to notify plaintiff of the removal of the cord to the basement light and of the broken tread, of which plaintiff had no knowledge at the time he started down the stairway.

In the trial below appropriate issues were submitted to the jury and answered in favor of plaintiff. From judgment on the verdict defendant appealed.

*Alvin A. London for plaintiff appellee.*
*Tillett, Campbell, Craighill & Rendleman for defendant appellant.*

BARNHILL, J.   The defendant relies solely upon his exception to the refusal of the court below to dismiss the action as in case of involuntary nonsuit. The exception is untenable and must be overruled.

The plaintiff started down the basement steps on a mission for the defendant. Hence he was at least an invitee, *Pafford v. Construction Co.,* 217 N.C. 730, 9 S.E. 2d 408; *Coston v. Hotel,* 231 N.C. 546, 57 S.E. 2d 793, and defendant owed him the duty to keep the premises in a reasonably safe condition and warn him of any hidden peril or unsafe condition in the stairway. *Schwingle v. Kellenberger,* 217 N.C. 577, 8 S.E. 2d 918; *Brown v. Montgomery Ward & Co.,* 217 N.C. 368, 8 S.E. 2d 199; *Pridgen v. Kress & Co.,* 213 N.C. 541, 196 S.E. 821; *Anderson v. Amusement Co.,* 213 N.C. 130, 195 S.E. 386.

While it is true the plaintiff had knowledge of the general conditions of the stairway, those conditions had been changed for the worse by the defendant. The light cord had been removed and a part of the tread of one of the steps had been broken off. Of the hidden peril and unsafe condition thus created, defendant failed to give notice or warning. The testimony—indeed the defendant's frank admission—to this effect is sufficient evidence of negligence to require the submission of appropriate issues to the jury.

But defendant contends there is no evidence the broken tread caused plaintiff's fall. There is, however, evidence that the broken tread was within two or three steps of the place a person would normally stop to turn on the light; that plaintiff tried to find the light cord and then took a step down, and "there wasn't any step there." This is sufficient to

support an inference that the lack of light and the broken tread were the proximate cause of plaintiff's fall.

Under the circumstances here disclosed, whether it was an act of negligence on the part of plaintiff to proceed down the stairway after he failed to find the cord to the basement light was a question of fact for the jury. We could not so hold as a matter of law. He proceeded down the stairway at the request of plaintiff. He knew the general conditions but had not been warned of the newly created danger. He had the right, therefore, to assume the steps were in the same condition as when he last used them. These facts take this case out of the line of decisions represented by *Batson v. Laundry Co.,* 205 N.C. 93, 170 S.E. 136; *Clark v. Drug Co.,* 204 N.C. 628, 169 S.E. 217, and *Benton v. Building Co.,* 223 N.C. 809, 28 S.E. 2d 491, cited and relied on by defendant.

In the trial below we find

No error.