## MRS. JESSIE MURRELL v. E. L. HANDLEY.

(Filed 27 February, 1957.)

**1. Negligence § 4f—**

An invited guest or visitor in the owner's home is a licensee and not an invitee, and the fact that the guest, at the time of the injury, was performing a trifling or incidental service for the owner or his wife does not change the guest's *status*.

**2. Same—**

*Res ipsa loquitur* does not apply to injuries resulting from slipping or falling on a waxed or oiled floor.

**3. Same—**

Evidence tending to show that an invited guest, while on a personal and gratuitous errand for the wife of the owner, slipped and fell when she stepped on a small rug covering a newly waxed floor, without evidence that the wax was applied in an improper manner or that an improper material was used or that the rug was not of a kind in general use, is insufficient to be submitted to the jury on the issue of negligence, even if the guest be considered an invitee.

APPEAL by plaintiff from *Clarkson, J.,* July Regular Civil Term 1956, of BUNCOMBE.

This is a civil action in which the plaintiff seeks to recover damages resulting from an injury which she sustained while a visitor in the home of the defendant.

The facts pertinent to the appeal are as follows:

1. The plaintiff and the defendant's wife are sisters. The plaintiff's home is in Tampa, Florida. Prior to the last of July 1954, the defendant and his wife lived in the country, on Leicester Road, Asheville, North Carolina, where they had resided for a number of years. For several years prior to 1954, the plaintiff had visited the defendant and his wife each summer and was visiting them in their home on Leicester Road when they moved into a house at 133 Spears Avenue in Asheville, the latter part of July 1954. It has been the custom of the defendant and his wife for many years to spend considerable time in the home of the plaintiff in Florida each winter.

2. The residence at 133 Spears Avenue was an old house when the defendant purchased it. Before moving into this house the defendant and his wife had the floors sanded, varnished, waxed and polished. The house contains two bedrooms, living room, dining room, bathroom and kitchen—all on one floor.

3. The plaintiff moved into the new home at the same time the defendant and his wife moved in, and continued as their gratuitous

guest until the 27th or 28th of November 1954, when she returned to Florida.

4. The defendant's wife, as a witness for the plaintiff, testified that on the evening of 23 September 1954, after they prepared and ate the evening meal, the plaintiff went into her room to do some sewing; that she did not see her any more that night; that after she and Mr. Handley washed the dishes, "we decided that we should wax and take care of the floors, just spots that were beginning to wear where we neglected them ever since we had moved in the house. Mr. Handley waxed the floor at the door leading into the dining room from the kitchen with some paste wax. . . . He did not wax it all over, just where we had been walking . . . the pathway into the kitchen and then through the dining room. . . . As to the rugs, he picked them up and threw them in a corner while he waxed, and then I later on polished those places and placed them (the rugs) around where I thought they would keep the wear off the floor. I had had right at the entrance at the dining room from the kitchen . . . a little wool rug that I had used one place and another for a long time. . . . After we finished the waxing and arranging, I placed a larger rug there, . . . a hand-hooked rug . . ." The witness further testified that on the morning of 24 September 1954, she asked her husband to bring her the scissors; that her sister got the scissors and was entering the dining room from the kitchen and just as she started through the dining room "her feet flew out from under her and she just had a terrific fall . . ." On cross-examination this witness testified that "I had a number of rugs there in the house, scatter rugs. I moved them around from time to time. . . . I changed them around continually. . . . They were regular floor rugs, some of them were hooked rugs and some of them were machine-made rugs . . . They are in common and general use everywhere. The rug I put down the night before was a newer rug than the one that had been there. It was in better condition than the old rug. . . . It had been used there on the floor in the door to my room. . . . I don't know how many times that rug had been other places. I had walked over it all over the house. I suppose Mrs. Murrell had walked on it various times at various places. Mr. Handley walked over the rug all over the place. I did just what I had done frequently all over the house when I changed this rug. You never get rugs back the same place they were. You are always changing them."

5. The plaintiff testified that "I had gotten up and gone in the kitchen to get my coffee, and while there I heard my sister, over in her bedroom, ask for some thread. She asked for a needle and thread and scissors. . . . I came from the kitchen and went to the buffet and walked right over that rug; and when I came back from the buffet, back through the kitchen to get the scissors, I may have walked over

that rug; and then it was the third time that I came in walking over that rug, that same rug, when the accident occurred." The witness was given a statement which she said she had signed, as follows: "My right foot slipped forward, and I tried to turn to my left and catch the door jamb, but then my left foot also slipped, and I went down flat on the floor, landing on my left side, with my head about the doorway of the kitchen, and my feet extending out into the dining room." She then said: "That is about what happened." This witness also testified that while she was on the floor waiting for someone to help her, she observed the rug on which she fell, and that it appeared to be a different rug than was there before; that she also observed the floor, but could see no difference in it.

The evidence tends to show that the plaintiff was painfully and permanently injured as a result of the fall.

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was allowed and judgment entered accordingly. Plaintiff appeals, assigning error.

*Don C. Young for plaintiff.*
*Harkins, Van Winkle, Walton & Buck and Herbert L. Hyde for defendant.*

DENNY, J.   The appellant urgently contends that she was an invitee of the defendant and not a licensee at the time of her injury in his home. The authorities, however, support the view that she was a bare licensee. *Pafford v. Construction Co.,* 217 N.C. 730, 9 S.E. 2d 408; *Money v. Hotel Co.,* 174 N.C. 508, 93 S.E. 964, L.R.A. 1918B, 493; *Greenfield v. Miller,* 173 Wis. 184, 180 N.W. 834, 12 A.L.R. 982; *Colbert v. Ricker,* 314 Mass. 138, 49 N.E. 2d 459, 147 A.L.R. 647; *Comeau v. Comeau,* 285 Mass. 578, 189 N.E. 588, 92 A.L.R. 1002, 1004-1005; *Biggs v. Bear,* 320 Ill. App. 597, 51 N.E. 2d 799; *Page v. Murphy,* 194 Minn.. 607, 261 N.W. 443; *Lewis v. Dear,* 120 N.J.L. 244, 198 A. 887; *Bugeja v. Butze,* 26 N.Y.S. 2d 989, 262 App. Div. 756, 28 N.Y.S. 2d 716; *Roth v. Prudential Life Ins. Co.,* 266 App. Div. 872, 42 N.Y.S. 2d 592; Restatement of the Law on Torts, Volume 2, sections 330, 331 and 332; 65 C.J.S., Negligence, section 32(e), page 489; Anno.: 25 A.L.R. 2d, Injury to Social Guest, 598-628.

The appellant further contends, however, if it be conceded that a guest or visitor in a home is only a bare licensee, that since she was engaged in a mission for the benefit of the defendant's wife, at the time of her injury, her status was changed to that of an invitee, citing *Thompson v. DeVonde,* 235 N.C. 520, 70 S.E. 2d 424. The facts in the *DeVonde case* were substantially different from those in the instant case. Among other things, the plaintiff Thompson, in the *DeVonde*

*case,* was a paying guest of the defendant's boarding house. The *DeVonde case* and others of similar import, cited by the appellant, are not controlling on the facts set forth in the record on this appeal.

It is said in Anno.: 25 A.L.R. 2d 600: "It has generally been held . . . that one who enters upon premises as a social guest will not escape the liabilities of that status merely by performing incidental services beneficial to the host in the course of the visit."

Minor services performed by a guest for the host during the course of a visit will not change the status of the guest from a licensee to an invitee. Anno.: 25 A.L.R. 2d 607; *O'Brien v. Shea,* 326 Mass. 681, 96 N.E. 2d 163.

In our opinion, the evidence adduced in the trial below bearing on the question of negligence was insufficient to justify its submission to the jury, even if the plaintiff had been an invitee. *Ashley v. Jones,* 126 Cal. App. 2d 328, 271 P. 2d 918; *Nelson v. Smeltzer,* 221 Iowa 972, 265 N.W. 924; *Brown v. Davenport Holding Co.,* 134 Neb. 455, 279 N.W. 161, 118 A.L.R. 423; *Greenfield v. Miller, supra.*

The fact that a floor is waxed does not constitute evidence of negligence. Nor does the mere fact that one slips and falls on a floor constitute evidence of negligence. *Res ipsa loquitur* does not apply to injuries resulting from slipping and falling on a waxed or oiled floor. *Barnes v. Hotel Corp.,* 229 N.C. 730, 51 S.E. 2d 180, and cases cited therein.

There is no evidence on this record tending to show that the defendant applied the wax to the floor in an improper manner or that an improper material was used.

It seems to be the general rule that an action will not be sustained against the owner or lessee of a building, founded solely upon the fact that the patron or invitee was injured by slipping on a waxed or oiled floor, where the floor had been waxed or polished in the usual and customary manner and with material in general use for that purpose. *Barnes v. Hotel Corp., supra.*

In *Brown v. Davenport Holding Co., supra,* the Court said: "The common use of waxed and polished floors, covered with small rugs, in homes and apartments is a matter of common knowledge. In the instant case the evidence establishes that the appellant knew of such use. They are not inherently dangerous to invitees. In the absence of unusual circumstances and conditions, the maintenance of polished hardwood floors and the use of small rugs in an apartment is not negligence for which the owner is liable to a prospective tenant invited to inspect the premises . . . though a polished floor is slippery and light rugs are apt to slide, since such rugs are in common use their use is not negligent, unless there is something unusual about them."

The ruling of the court below is

Affirmed.