### D. H. BOWEN v. ANCHOR ENTERPRISES, INC.

(Filed 20 September, 1961.)

**Negligence § 37f—**

Evidence that defendant-proprietor mopped the floor of its restaurant with a damp mop, the moisture from which dried within three or four minutes, that plaintiff knew the mopping operation was going on, and that he fell when his crutch slipped on a damp spot on the floor, *is held* insufficient to warrant recovery.

APPEAL by plaintiff from *Clarkson, J.,* April-May Term, 1961, RUTHERFORD Superior Court.

The plaintiff instituted this civil action to recover damages for personal injury he sustained as a result of a fall while he was a customer in the Howard Johnson Restaurant operated by the defendant.

At the close of all the evidence the court entered judgment of nonsuit, from which the plaintiff appealed.

*Hamrick & Hamrick, By: J. Nat Hamrick, for plaintiff, appellant.*
*Jones & Jones, By: Robert A. Jones, Hamrick & Jones, for defendant, appellee.*

PER CURIAM. The evidence disclosed that the plaintiff, using crutches because of a recent leg amputation, slipped on the floor of defendant's restaurant. In the fall he sustained injury. It was defendant's custom to mop the floor three times daily, using a mop pulled through a pressure wringer. Any moisture left by the mop dries within three or four minutes. After the mop goes through the wringer, "It was not a wet mop, it is a damp mop, it does not leave residuary water on the floor." Plaintiff knew the mopping operation was going on. He testified: "I saw the place on the floor where the crutch slipped, it was spotted damp and showed the skid marks of the crutch."

In the light of applicable law in this State, evidence of actionable negligence is lacking. *Harris v. Montgomery Ward & Co.*, 230 N.C. 485, 53 S.E. 2d 536.

The judgment of nonsuit is
Affirmed.