CYNTHIA LUCILLE HAYNES v. JOHN PALMER HORTON, JR., WILLIAM DONALD HORTON, AND MRS. J. P. HORTON, SR.

(Filed 8 April, 1964.)

APPEAL by plaintiff from *McLaughlin, J.,* Regular January, 1964, Session of WILKES.

*Moore & Rousseau for plaintiff.*
*McElwee & Hall for defendants.*

PER CURIAM. This is an action to recover damages for personal injuries allegedly suffered by plaintiff as a result of a fall in defendant's drugstore about 9:30 A.M. on 20 February 1962. It is alleged that plaintiff slipped and fell while walking to a table to be served with a

IN RE HAYES.

soft drink, there was a wet and slippery substance on the floor where she fell, the substance was placed there by an employee of defendants who was engaged in mopping the floor, the substance created a hazardous condition, it was invisible to plaintiff, and defendants failed to warn of the condition.

At the close of plaintiff's evidence the court allowed defendants' motion for nonsuit. In this we find no error. Plaintiff's evidence does not support her pleadings and is insufficient to make out a *prima facie* case of actionable negligence. The mere fact that one slips and falls on a floor does not constitute evidence of negligence. The doctrine of *res ipsa loquitur* does not apply. *Bowen v. Anchor Enterprises, Inc.*, 255 N.C. 359, 121 S.E. 2d 546; *Murrell v. Handley*, 245 N.C. 559, 96 S.E. 2d 717; *Barnes v. Hotel Corp.*, 229 N.C. 730, 51 S.E. 2d 180.

Affirmed.