ELIZABETH L. JENKINS v. R. T. BROTHERS AND WIFE, GRACE J.
BROTHERS
No. 681SC319

(Filed 18 December 1968)

1. Negligence §§ 52, 59—    invitee v. licensee — guest in defendants'
   home who performs minor services
       Where plaintiff cooked lunch in her home for defendants and defend-
   ants' scrub woman pursuant to an arrangement whereby plaintiff and

femme defendant each cooked lunch for the other and the scrub woman while the scrub woman was assisting the other in housecleaning, plaintiff was a licensee, not an invitee, when she entered defendants' home for the purpose of telling defendants that the meal was ready, the cooking of the meal and the notification that it was ready being minor or trifling services which did not change plaintiff's status from a guest to an invitee.

**2. Negligence § 57— action by invitee — sufficiency of evidence**

Evidence that plaintiff entered defendants' home as an invited guest and slipped and fell on a dark colored scatter rug which femme defendant had dropped while housecleaning on a light colored vinyl floor, and that plaintiff was familiar with defendants' home and knew that no rug had previously been in that location, *is held insufficient to be submitted to the jury*, even if plaintiff had been an invitee.

APPEAL by plaintiff from *Cowper, J.*, 3 June 1968 Session of Superior Court of PASQUOTANK County.

Plaintiff seeks to recover damages resulting from an injury which she sustained after entering the home of the defendants.

Plaintiff offered evidence which, in substance, tends to show: Plaintiff, who was 69 years old at the time, is the mother of the femme defendant and mother-in-law of the male defendant. The defendants reside in their home immediately South of plaintiff's home. Both parties frequently visit each other. Plaintiff and defendants used the respective side doors to each other's home when visiting the other. The side door was on the south side of plaintiff's home and on the north side of defendants' home. The side door to defendants' home enters the den. There is a white cement driveway between the two houses. The houses are both painted white. On the date alleged, 8 November 1966, the sun was shining and it was a bright, clear day.

On this date the femme defendant was housecleaning and had a scrub woman by the name of Pleasant Copeland assisting her. Pleasant Copeland was paid by the hour and, in addition, was furnished lunch. Plaintiff was familiar with the terms of this employment. Pleasant Copeland also worked for plaintiff, and the same manner of payment was used. There was an arrangement existing between the parties to the effect that when femme defendant was housecleaning, the plaintiff would furnish the food for defendants and the scrub woman which would be prepared at plaintiff's home; and when the plaintiff was housecleaning, the femme defendant would furnish the food for plaintiff and the scrub woman and do the cooking at defendants' home.

On the date alleged plaintiff went to defendants' home at about

ten o'clock A.M. After discussing the preparation of the noon meal, the femme defendant requested plaintiff to come back over there and let her know when the meal was ready because femme defendants' husband would have to get back to his work.

Plaintiff on this occasion had entered and left through the den and side door of defendants' home. There was no rug on the floor of the den at either of these times.

After plaintiff had prepared the meal, she went back to the home of the defendants to inform them it was ready. As she entered the den, it was darker in the den than it was outside. The floor of the den was covered with a light colored vinyl linoleum. Upon entering, she first stepped with her right foot, and as she took her next step and put her left foot down, she slipped. Her left foot struck and became entangled with a scatter rug which was about 36 inches long and 18 inches wide and considerably darker than the floor. She fell and sustained a broken left foot. She did not see the rug before she fell. When she saw the rug after the fall, it was "doubled, kinda rolled up." The femme defendant told plaintiff that she, the defendant, had started to the laundry room to take the rug to be washed as she always did when she was housecleaning, the telephone bell rang, she dropped or threw the rug, and went to answer the telephone.

Plaintiff has only ten per cent vision in her right eye, and although she does not have good vision in her left eye, she testified that "with my glasses on I can see how to read and everything," and can see "how to get around." Plaintiff also testified that, "If I had known it (rug) was there and had been looking for it I could have seen it."

At the close of plaintiff's evidence, the defendants moved for judgment as of nonsuit. The motion was allowed and judgment entered accordingly. Plaintiff appeals, assigning error.

*J. Kenyon Wilson, Jr., and Gerald F. White for plaintiff appellant.*

*Leroy, Wells, Shaw & Hornthal by L. P. Hornthal, Jr., for defendant appellees.*

MALLARD, C.J.

[1]    The plaintiff contends, among other things, that because she supplied dinner for defendants and defendants' scrub woman, she was an invitee in the home of the defendants at the time she re-

ceived her injury. The authorities, however, support the view that she was a bare licensee. *Murrell v. Handley,* 245 N.C. 559, 96 S.E. 2d 717; 6 Strong, N. C. Index 2d, Negligence, §§ 52, 59.

Plaintiff also contends, as the appellant did in *Murrell v. Handley, supra,* that since she was engaged at the time of her injury in a specific task for the benefit of, and at the request of the femme defendant, her status was changed to that of an invitee, citing *Thompson v. DeVonde,* 235 N.C. 520, 70 S.E. 2d 424.

The following statement by Justice Denny, later C.J., distinguishing *Thompson v. DeVonde* in *Murrell v. Handley, supra,* is also applicable in this case:

> "The facts in the *DeVonde* case were substantially different from those in the instant case. Among other things, the plaintiff Thompson, in the *DeVonde* case, was a paying guest of the defendant's boarding house. The *DeVonde* case and others of similar import, cited by the appellant, are not controlling on the facts set forth in the record on this appeal.

> It is said in Anno.: 25 A.L.R. 2d 600: 'It has generally been held . . . that one who enters upon premises as a social guest will not escape the liabilities of that status merely by performing incidental services beneficial to the host in the course of the visit.'

> Minor services performed by a guest for the host during the course of a visit will not change the status of the guest from a licensee to an invitee. Anno.: 25 A.L.R. 2d 607; *O'Brien v. Shea,* 326 Mass. 681, 96 N.E. 2d 163."

In this case plaintiff was performing the minor or trifling service of telling the femme defendant that dinner was ready. The cooking of the meal for the defendants and the scrub woman was also a minor service that each customarily performed for the other. In going upon the premises of the defendants, the plaintiff was neither a customer nor a servant nor a trespasser.

[2]    In this case the femme defendant was cleaning house and the plaintiff knew this. The fact that a scatter rug was on the light colored floor of the den where it had not been before does not constitute negligence. There is no evidence as to the condition of the rug prior to plaintiff's fall. The use of a scatter rug on a floor is not negligence. It is not negligence for a person in her own home, while cleaning house, to drop a dark colored scatter rug on a light colored vinyl linoleum covered floor, even though one had not previously been in such location. Plaintiff's own evidence also discloses that if

she had been keeping a proper lookout she would have seen the rug on the floor.

In our opinion the evidence was insufficient to justify the submission of this case to the jury, even if the plaintiff had been an invitee.

The ruling of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.