ED LUTHER BEAVER v. FRANKLIN P. LEFLER AND WIFE, ANNABELL R. LEFLER

No. 7019SC285

(Filed 24 June 1970)

1. **Negligence § 59— licensee — guest performing minor service for host**

   Plaintiff who was helping defendants carry· meat into their house had the status of a licensee and not an invitee where plaintiff and male defendant customarily helped each other perform such minor and incidental services around their respective homes.

2. **Negligence § 59— action by licensee — fall on wet floor — insufficiency of evidence**

   In this action for injuries received when plaintiff licensee slipped and fell on some wet leaves on defendants' kitchen floor after plaintiff had placed a box of meat on the kitchen table and started back toward the door which he had just entered, plaintiff's evidence was insufficient to be submitted to the jury on the issue of defendants' negligence where it disclosed that he had reason to believe the floor was wet and that if he had been keeping a proper lookout he would have seen the wet leaves on the floor.

APPEAL by plaintiff from *Ragsdale, J.,* 3 November 1969 Session, CABARRUS Superior Court.

This is a civil action in which plaintiff seeks to recover damages and losses resulting from a personal injury sustained while on the premises of· defendants.

Plaintiff's evidence tends to establish the ·following:

At the time of the accident, 19 November 1965, plaintiff had lived in defendants' neighborhood for seven or eight years and they had become good friends. Plaintiff had retired a year or two prior to 1965 due to his arthritic condition and had done odd jobs around his house and for neighbors. He had helped Franklin Lefler on several occasions prior to 1965 and although he did not charge him anything he had always been given something for his work.

On the day of the accident, Franklin Lefler and plaintiff rode to Kannapolis to get a load of meat. Franklin Lefler carried the biggest part of the load of meat from the freezer locker in Kannapolis to the truck; plaintiff did not carry any of it. They returned to defendants' house about ten o'clock in the morning and parked the truck about thirty feet from the back kitchen door. There was a light rain or heavy mist falling and the ground was wet. There were about five cement steps leading to the back door and there was no hand railing. Franklin Lefler began making trips from the truck to the house carrying in the meat to his wife who was putting the meat in their freezer in the kitchen. Plaintiff saw Franklin Lefler make the trips and noticed that he did not wipe his feet as he went into the house.

After Franklin Lefler had made eight or ten trips from the truck to the house, plaintiff carried a box of meat into the house. The box of meat weighed about thirty or forty pounds and plaintiff carried it in his arms in such a way that he could not see the kitchen floor. Plaintiff laid the meat on the table, turned around, and walked a little way toward the kitchen door at which time he slipped on some wet leaves on the floor and fell landing on the concrete steps.

The evidence further tends to show plaintiff was injured as a result of the fall.

At the close of plaintiff's evidence, defendants moved for judgment as of nonsuit. The motion was allowed and judgment entered accordingly. Plaintiff appeals, assigning error.

*Thomas K. Spence for plaintiff appellant.*

*Wardlow, Knox, Caudle & Wade, by Lloyd C. Caudle, for defendant appellees.*

BROCK, J.

[1]   Plaintiff contends that because he was helping defendants carry meat into their house his status was that of an invitee and not a licensee at the time of the accident in defendants' home. The au-

BEAVER *v.* LEFLER

thorities, however, support the view that he was a bare licensee. *Murrell v. Handley*, 245 N.C. 559, 96 S.E. 2d 717, and cases therein cited; *Jenkins v. Brothers*, 3 N.C. App. 303, 164 S.E. 2d 504.

"Minor services performed by a guest for the host during the course of a visit will not change the status of the guest from a licensee to an invitee." *Murrell v. Handley, supra.*

Plaintiff and male defendant were friends and were accustomed to helping each other do odd jobs around their houses. At the time of the accident, plaintiff was helping carry into defendants' house a portion of a load of meat. This constituted a minor or incidental service performed by the plaintiff for male defendant and one the nature of which each customarily performed for the other. In going upon the premises of defendants, plaintiff was neither a customer nor a servant nor a trespasser.

[2] The only evidence as to the condition of the floor prior to plaintiff's fall was plaintiff's testimony that he did not see any leaves or water on the kitchen floor as he walked into the kitchen. Plaintiff did not slip and fall on his way into the house although he was carrying a large box of meat and was unable to see; he slipped and fell after he had placed the meat on the table and had started back toward the door he had just entered. Plaintiff's own evidence discloses that he had reason to believe the floor was wet and that if he had been keeping a proper lookout he would have seen the wet leaves on the floor.

In our opinion the evidence bearing on the question of negligence was insufficient to justify submission of this case to the jury.

The ruling of the court below is

Affirmed.

BRITT and HEDRICK, JJ., concur.