JOHN M. HUSKA *vs.* HERMAN A. CLEMENT.

Berkshire.   February 10, 1972. — April 3, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, & BRAUCHER, JJ.

*Negligence,* Invited person.

A finding was warranted by the evidence in an action of tort that the plaintiff, who was injured on the farm of his father-in-law, the defendant, while assisting him in gathering and storing bales of hay, was a business invitee entitled to recover for his injuries on proof of ordinary negligence of the defendant. [523–524]

TORT.   Writ in the Superior Court dated January 3, 1967.

The action was tried before *Tisdale,* J.

*Leo F. Evans (W. Stanley Cooke* with him) for the plaintiff.

*Philip J. Shine* for the defendant.

TAURO, C.J.   This is an action in tort brought by the plaintiff against the defendant (his father-in-law): count 1 for ordinary negligence and count 3 for gross negligence (count 2 was discontinued). The case is here on the plaintiff's exceptions to the direction of verdicts for the defendant.

By prearrangement, the plaintiff went to the defend-

ant's farm on the evening of July 12, 1966, to help the defendant in gathering up and storing bales of hay. The plaintiff was regularly employed as a fireman, and he was to receive no compensation from the defendant for his assistance. The plaintiff, upon his arrival at the defendant's farm, began immediately to assist the defendant. Briefly, the work was done in the following manner. The plaintiff, standing in the back of a slow moving truck operated by the defendant, stacked the bales after they were thrown onto the truck. The plaintiff, at times, got off the truck when there were many bales to load at a particular place. At one point, the defendant yelled to the plaintiff, "John get those bales." The plaintiff proceeded to the rear of the truck and was preparing to jump off when the truck struck a bale of hay causing the plaintiff to fall from the truck.

There was no evidence of gross negligence. See *Pruzynski* v. *Malinowski,* 338 Mass. 58, 60. The plaintiff's right to recover for ordinary negligence is dependent upon his status as an invitee. *O'Brien* v. *Shea,* 326 Mass. 681. *Tomaino* v. *Newman,* 348 Mass. 433. The defendant has conceded that there was sufficient evidence for a finding of negligence. The evidence in its light most favorable to the plaintiff warranted a jury in finding that the plaintiff was a business invitee. Therefore, the case should have been submitted to the jury.

In *O'Brien* v. *Shea, supra,* at 682–683, we stated: "It is true that one who invites a person to enter upon his premises for the conferring of a benefit not necessarily pecuniary may owe to that person the duty to refrain from acts of ordinary negligence. . . . The beneficial interest . . . must have 'a business or commercial significance and does not comprise those intangible advantages arising from mere social intercourse.' "

In *Pandiscio* v. *Bowen,* 342 Mass. 435, 437–438, we stated: "[A] member of a family or household group or group of acquaintances rendering friendly help in household routine or commonplace tasks to another member of the group does not cease to be a licensee or social visi-

tor unless the character or circumstances of the assistance make it clearly the dominant aspect of the relationship rather than a routine incident of social or group activities." Cf. *Callahan* v. *Boudreau,* 345 Mass. 405.

In the instant case, a jury finding was warranted that the work being done by the plaintiff for the defendant was "the dominant aspect of the relationship rather than a routine incident of social or group activities" (*Id.* at 438), thereby permitting recovery on proof of ordinary negligence.

*Exceptions sustained as to count 1*
*and overruled as to count 3.*