MOLETA K. BRILES, Plaintiff v. DAVID HAROLD BRILES and EATON COR-
PORATION, Defendants.

AND

CHARLESTON M. BRILES, Plaintiff v. DAVID HAROLD BRILES and EATON
CORPORATION, Defendants

No. 7919SC107

(Filed 6 November 1979)

Negligence § 53.7— invitees—injury in elevator—duty of owner

Plaintiffs who were injured when an elevator in defendant's home fell
were invitees and not licensees as determined by the trial court, since defend-
ant had requested that, during his absence from the home, plaintiffs check to
see that no one had broken in and to be sure that electricity did not go off and
cause his vegetables to spoil in a freezer located in the basement, access to
which was had by way of the elevator; furthermore, plaintiffs presented a gen-
uine issue of material fact as to whether defendant was negligent in failing to
exercise ordinary care to keep the premises in a reasonably safe condition and
in failing to give warning to plaintiffs of hidden perils or unsafe conditions in-
sofar as could be ascertained by reasonable inspection and supervision.

APPEAL by plaintiffs from *Seay, Judge.* Judgment entered 15
January 1979 in Superior Court, RANDOLPH County. Heard in the
Court of Appeals 27 September 1979.

Plaintiffs brought suits against defendants for damages,
alleging they were injured by an elevator falling in defendant
Briles's home. Plaintiffs allege defendant Briles and his family left
on a vacation on 27 June 1975 and before leaving requested plain-
tiffs to check on his home from time to time to see if anyone had
broken in and to be sure the electricity did not go off and cause
his frozen vegetables to spoil in a deep freezer located in the
basement of his home. Plaintiffs are the parents of defendant
Briles and on this occasion he had instructed plaintiffs to use the
elevator to go to the basement as he had a burglar alarm on the
outside basement door. The elevator and the outside door were
the only means of entering the basement.

Sometime in 1961 defendant Briles had designed the elevator
car, hoist and shaft and supervised the installation of the
elevator. Plaintiffs had used the elevator many times before in
going to the basement.

As plaintiffs were riding the elevator on 1 July 1975 to the basement to check on the freezer, the elevator hoist chain broke, causing the car to fall to the basement, injuring plaintiffs.

Plaintiffs allege defendant Briles was negligent in his design, installation and maintenance of the elevator.

Defendant Briles answered, denying negligence on his part, and moved for summary judgment in both cases.

The causes were consolidated for hearing, and on 11 December 1978 Judge Thomas Seay heard the motions for summary judgment upon the pleadings, affidavit of William W. Austin, an expert in metallurgy and metallurgical engineering, and depositions of David Briles and Moleta K. Briles. Judge Seay entered summary judgments in favor of defendant Briles. Plaintiffs appeal.

The record does not contain any proceedings concerning the defendant Eaton Corporation and it is not a party to this appeal.

*Miller, Beck and O'Briant, by Adam W. Beck, for plaintiff appellants.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and William L. Young, for defendant Briles.*

MARTIN (Harry C.), Judge.

In allowing summary judgment, the court made this finding:

[T]he Court is of the opinion, and so rules, as a matter of law, that the plaintiffs were "licensees" in the home of their son, David Harold Briles, at the time they sustained injuries on July 1, 1975, and that their injuries were not as a result of any willful or wanton negligence on the part of the defendant, David Harold Briles;

Plaintiffs argue the court erred in holding they were "licensees" at the time in question. In order for a licensee to recover, he must prove defendant's negligence was wilful or wanton or that the owner of the premises is affirmatively and actively negligent in the management of his property, as a result of which the licensee is subjected to increased danger causing injury to him. *Hood v. Coach Co.,* 249 N.C. 534, 107 S.E. 2d 154 (1959). As

a general rule the owner of property is not liable for injuries to licensees due to the condition of the property, or as it has been expressed, due to passive negligence or acts of omission. *Brigman v. Construction Co.*, 192 N.C. 791, 136 S.E. 125 (1926). The duty imposed is to refrain from doing the licensee wilful injury and from wantonly and recklessly exposing him to danger. *Jones v. R.R.*, 199 N.C. 1, 153 S.E. 637 (1930). A careful review of the record on appeal fails to disclose any evidence that defendant Briles was wilfully or wantonly negligent, or that he was affirmatively and actively negligent thereby increasing the danger to plaintiffs. Plaintiffs do not so allege. Therefore, the summary judgments must be sustained if the court was correct in determining plaintiffs were licensees.

Bearing in mind that this appeal is from the entry of summary judgments, has defendant Briles shown there are no genuine issues of material fact arising upon the materials before the court and that he is entitled to judgment as a matter of law? *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

To constitute one an invitee there must be some mutuality of interest. Usually an invitation will be inferred where the reason for the visit is of mutual advantage to the parties. To be an invitee, the purpose of the visit must be of interest or advantage to the invitor. *Pafford v. Construction Co.*, 217 N.C. 730, 9 S.E. 2d 408 (1940).

In *Thompson v. DeVonde*, 235 N.C. 520, 70 S.E. 2d 424 (1952), the Court held where plaintiff started down the basement steps of the boarding house on a mission for the defendant, he was at least an invitee. Although it can be inferred from the facts in *Thompson* that plaintiff was a paying guest at the boarding house, the opinion does not expressly so state.

An invitee is one who goes upon the property of another by the express or implied invitation of the owner. An invitation implies solicitation, desire or request. *Jones v. R.R.*, *supra*.

The defendant Briles expressly requested plaintiffs to come to his house during his absence to check on the property, especially to see if it had been broken into and if the electricity had been interrupted causing damage to his frozen vegetables. Plaintiffs did not go upon the premises solely for their own purposes; to the

contrary, their only reason to go there was for the benefit of the defendant Briles. Plaintiffs were on a mission for defendant at his express request. They were not there merely for their own interest, convenience or gratification. *Pafford, supra.*

Defendant Briles insists the service to be rendered by plaintiffs was a minor service, incidental to their visit, and relies upon *Murrell v. Handley,* 245 N.C. 559, 96 S.E. 2d 717 (1957); *Beaver v. Lefler,* 8 N.C. App. 574, 174 S.E. 2d 806 (1970); and *Jenkins v. Brothers,* 3 N.C. App. 303, 164 S.E. 2d 504 (1968), *cert. denied,* 275 N.C. 137 (1969). These cases are all distinguishable from the case at bar.

In *Murrell* plaintiff regularly spent the summer in the home of defendant in Asheville to avoid the heat of Florida. She came there for her sole benefit and not on behalf of defendant. While there, she heard defendant's wife ask defendant to bring her the scissors; whereupon plaintiff took the scissors to her, slipped on a rug and fell, injuring herself. Defendant did not make any request of plaintiff and she was not on a mission in his behalf when injured. The Court held plaintiff was a licensee and the fact that she voluntarily undertook to perform a minor service for defendant's wife did not change her status to that of an invitee.

In *Beaver,* plaintiff and defendant were neighbors and plaintiff often did small chores or favors for defendant. On this occasion he and defendant picked up a load of meat in defendant's truck and took it to his home. Once there, defendant started carrying it into the house and without any express request by defendant, plaintiff carried in a box and in so doing slipped on some wet leaves in the house and was injured. Plaintiff was nonsuited, the court holding he was a licensee and that the minor service performed by plaintiff did not change his status to an invitee, and finding there was no evidence of negligence to require submission of the case to the jury. On appeal, this Court affirmed, relying on *Murrell v. Handley, supra.*

This Court in *Jenkins* held there was no evidence to carry the case to the jury even if plaintiff was considered an invitee. Again, the plaintiff had been in and out of defendant's house several times the day she was injured and was performing a trifling service for defendant; therefore the Court held she was a licensee.

In all three cases, the landowners were present on the premises at the time the plaintiffs were injured.

In the case *sub judice,* plaintiffs went to defendant's home at his express request to perform a service beneficial to him and not for their own pleasure, interest or benefit. The owner of the premises was not present. Plaintiffs were not there to visit with defendant Briles. The services to be rendered were not minor in nature; the inspection to determine if the home had been broken into was a responsible, serious undertaking and not without its own dangers in these times of alarming crime statistics. Likewise, determining that the electricity was functioning properly was of direct economic benefit to defendant Briles. Although the quantity of frozen vegetables does not appear in the record, human nature would indicate that such a request would not have been made of plaintiffs if there were only a small, insignificant amount of vegetables in the freezer. And at today's inflationary prices, even a small amount of vegetables may represent a large financial investment.

The services defendant Briles requested plaintiffs to perform were not minor services incidental to a visit to defendant's house. We hold from the materials before the court on the motions for summary judgment that plaintiffs were invitees of defendant Briles and that Briles was not entitled to judgment as a matter of law. Those same materials present a genuine issue of material fact whether defendant Briles was negligent in failing to exercise ordinary care to keep the premises in a reasonably safe condition and in failing to give warning to plaintiffs of hidden perils or unsafe conditions insofar as could be ascertained by reasonable inspection and supervision. *Hood v. Coach Co., supra.*

The entry of the summary judgments was error and they are hereby

Reversed.

Judges HEDRICK and ARNOLD concur.